IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-633-JJF |
| | ) | |
| BCD SEMICONDUCTOR CORPORATION, and | ) | |
| SHANGHAI SIM-BCD SEMICONDUCTOR | ) | |
| MANUFACTURING CO., LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

*Of Counsel:*

E. Robert Yoches
Joyce Craig
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001
(202) 408-4000

Robert L. Burns
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Erik R. Puknys
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, CA  94304
(650) 849-6600

ASHBY & GEDDES
Steven Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon ((I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

Dated:  January 21, 2008
187480.1

# TABLE OF CONTENTS

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING…..............................1

SUMMARY OF ARGUMENT ………………………………………………….................1

STATEMENT OF FACTS ……………………………………………………………….... 2

ARGUMENT…………………………………………………………………………….... 4

I.    THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS ...............4

    A.    PI HAS THE BURDEN OF PROVING THAT THIS COURT HAS
    JURISDICTION OVER DEFENDANTS UNDER THE DELAWARE
    LONG-ARM STATUTE AND CONSISTENT WITH DUE PROCESS ...............4

    B.    THE DELAWARE LONG-ARM STATUTE DOES NOT ALLOW THIS
    COURT TO EXERCISE PERSONAL JURISDICTION OVER
    DEFENDANTS ..................................................................................................5

        1.    There is no Specific Jurisdiction over Defendants SIM-BCD and
        BCD California under the Delaware Long-Arm Statute.............................6

        2.    There is no General Jurisdiction Over Defendants SIM-BCD and
        BCD California Under the Delaware Long-Arm Statute............................9

    C.    EXERCISING JURISDICTION IN DELAWARE OVER DEFENDANTS
    WOULD CONTRAVENE DUE PROCESS ........................................................12

CONCLUSION………………………………………………………………………..13

# TABLE OF AUTHORITIES

## CASES

*3D Systems, Inc. v. Aarotech Laboratories, Inc.*,
   160 F.3d 1373 (Fed. Cir. 1998)............................................................................5, 7

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
   772 F. Supp. 1458 (D. Del. 1991).............................................................................4

*Asahi Metal Industrial Co., Ltd. v. Sup. Ct. of Cal.*,
   480 U.S. 102 (1987)............................................................................................8, 12

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558, 1564-65 (Fed. Cir. 1994) ..................................................................5

*Boone v. Oy Partek Ab*,
   724 A.2d 1150 (Del. Super. Ct. 1997) .....................................................................7

*Burger King v. Rudzewicz*,
   471 U.S. 462 (1985)........................................................................................7, 12

*C.R. Bard, Inc. v. Guidant Corp.*,
   997 F. Supp. 556 (D. Del. 1998)...............................................................................9

*Citinental Trading Co. v. Naporano Iron & Metal Co.*,
   C.A. No. 95-304, 1997 U.S. Dist. LEXIS 7727 (D. Del. May 27, 1997) ................9

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
   466 U.S. 408 (1984).................................................................................7, 10, 12

*ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*,
   147 F. Supp. 2d 268 (D. Del. 2001).........................................................................8

*International Shoe Co. v Washington*,
   326 U.S. 310 (1945).................................................................................................12

*Intel Corp. v. Silicon Storage Tech.*,
   20 F. Supp. 2d 690 (D. Del. 1998)...........................................................................5

*Jeffreys v. Exten*,
   784 F. Supp. 146 (D. Del. 1992)...............................................................................6

*Keeton v. Hustler Magazine*,
   465 U.S. 770, 774 (1984)..........................................................................................7

*La Nuova D & B, S.p.A. v. Bowe Co.,*
    513 A.2d 764 (Del. Super. 1986) ............................................................................6

*Perkins v. Benguet Consolidated Mining Co.,*
    342 U.S. 437 (1952) .........................................................................................10

*Provident Nat'l Bank v. Cal. Federal Sav. & Loan Assoc.,*
    819 F.2d 434 (3d Cir. 1987) .........................................................................4, 10

*Reach & Associates, P. C. v. Dencer,*
    269 F. Supp. 2d 497 (D. Del. 2003) ..................................................................9

*Red Sail Easter Ltd. Partners v. Radio City Music Hall Productions, Inc., No. CIV. A. 12036,*
    1991 WL 129174 (Del. Ch. Jul. 10, 1991) ........................................................9

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,*
    148 F.3d 1355 (Fed. Cir. 1998) .........................................................................5

*Siemens Aktiengesellschaft v. LG Semicon Co.,*
    69 F. Supp. 2d 622 (D. Del. 1999) .....................................................2, 7, 8, 11

## FEDERAL STATUTES

35 U.S.C. § 271 (2004) ...........................................................................................6

## STATE STATUTES

DEL. CODE ANN. tit. 10, § 3104(c) (2004) ...............................................5, 6, 8, 9, 11

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiff Power Integrations, Inc. ("PI"), a Delaware corporation with its principal place of business in San Jose, California, has brought this patent infringement action against Shanghai SIM-BCD Semiconductor Manufacturing Co., Ltd. ("SIM-BCD"), incorporated under the laws of the People's Republic of China, and BCD Semiconductor Corporation ("BCD California"), a California corporation.

PI originally filed these infringement claims against the Defendants on June 14, 2007, in the Northern District of California. Initial Disclosures were exchanged on October 11, 2007, and the parties filed a Joint Stipulated Rule 26(f)/Case Management Statement the same day. Two days before a scheduled Case Management Conference with United States District Court Judge William Alsup on October 17, 2007, PI dismissed its lawsuit. On the same day, PI filed the current lawsuit in this Court. Both the dismissed complaint and the current complaint contain the same set of allegations against the same Defendants on the same set of patents. Because personal jurisdiction does not lie in this District, Defendants move to dismiss this action.

On January 18, 2008, Defendants filed an action for declaratory judgment against PI on these claims in the Northern District of California--a court that properly had personal jurisdiction over these Defendants when PI originally filed these claims there, and a court that PI obviously recognized as an appropriate forum until it suddenly decided--four months later and just two days before the scheduling conference--that it had a tactical preference to be in Delaware.

## SUMMARY OF ARGUMENT

Delaware does not have personal jurisdiction over either defendant. SIM-BCD is a Chinese company with offices in Shanghai, China, and manufacturing and research facilities in China. BCD California is a California corporation with an office and two employees in Hayward, California. Neither has owned, leased, had interest in any property, or maintained any facilities

or employees in Delaware. Neither has paid, or is obligated to pay, any taxes or franchise fees in Delaware. Neither has registered or is licensed to conduct business in Delaware. Neither has manufactured or sold products, or provided services, in Delaware. Defendants have no distributors or sales representatives in Delaware, and Defendants and their sales agents have not sold or supplied BCD products or samples to Delaware residents.

PI, however, believes jurisdiction lies because Samsung Corporation, a Korean company, sells cellular telephones in Delaware, and chargers for those telephones contain a tiny integrated circuit that Samsung buys from BCD in China.[1] However, this Court has ruled that such facts do not give rise to personal jurisdiction in Delaware. *See Siemens Aktiengesellschaft v. LG Semicon Co.*, 69 F. Supp. 2d 622 (D. Del. 1999). Because this Court lacks personal jurisdiction over Defendants, Defendants respectfully request that the Court dismiss this case.

## STATEMENT OF FACTS

1.    Plaintiff filed a Complaint for patent infringement against BCD California and SIM-BCD. (D.I. 1). BCD California is incorporated in California, with an office at 30920 Huntswood Avenue, Suite D, Hayward, California (Declaration of Tung-Yi Chan ("Chan Decl.") at ¶ 2) (attached hereto as Exhibit 1). BCD is organized under the laws of the People's Republic of China, with headquarters at 800 Yishan Road, Shanghai, China. (*Id.* at ¶ 3.) Both SIM-BCD and BCD California are wholly-owned subsidiaries of BCD Semiconductor Manufacturing Limited, which is incorporated under the laws of the Cayman Islands and shares office space with SIM-BCD in Shanghai. (*Id.* at ¶ 4.)

---

[1] During a teleconference before this motion, PI's counsel represented that BCD chips could be found in certain Samsung cell phone chargers allegedly available in undisclosed locations in Delaware.

2.    SIM-BCD has no employees or offices in Delaware, or anywhere else in the United States. (*Id.* at ¶ 5.)  BCD California has only a single office and two employees, all in California. (*Id.* at ¶ 6.)

3.    Neither SIM-BCD nor BCD California has an interest in, possesses, or uses real property in Delaware. (*Id.* at ¶ 7.)  Neither has paid or is obligated to pay any taxes or franchise fees in Delaware. (*Id.* at ¶ 8.)  Neither has manufactured any products in Delaware, sold any products to Delaware residents, or shipped any products to Delaware, either directly or through sales agents. (*Id.* at ¶ 9.)  Neither company solicits business in Delaware. (*Id.* at ¶ 10.)  Neither contracts to supply services or things in Delaware. (*Id.* at ¶ 11.)  Neither has agreed to insure any person, property, or risk in Delaware. (*Id.* at ¶ 12.)  Neither has designated any agent for service or consented to suit in Delaware. (*Id.* at 13.)  Until the present action was brought, neither company had ever been sued in Delaware courts. (*Id.* at ¶ 14.)

4.    SIM-BCD sold none of the accused BCD chips (part number AP3700ZTR-E1) or any other products in Delaware, either directly or through its agents.  SIM-BCD cannot determine what percentage of worldwide sales of this chip may be in telephone chargers in Delaware because SIM-BCD does not know how many of its customer's products are in Delaware. (*Id.* at 15.)

5.    Before filing this lawsuit in Delaware, PI sued Defendants in the Northern District of California, Civil Action No. 07-cv-03137-WHA, on June 14, 2007.  (Exhibit 2, Docket and Complaint.)  The parties exchanged Initial Disclosures and filed a Joint Stipulated Rule 26(f)/Case Management Statement and Proposed Order on October 11, 2007. (*Id.*)  Two days before a scheduled Case Management Conference with United States District Court Judge William Alsup on October 17, 2007, and before Defendants' answer was due, PI dismissed its

lawsuit.    On the same day, PI filed the current lawsuit in this Court.    Both the dismissed complaint and the current complaint contain the same set of allegations against the Defendants involving the same set of patents (U.S. Patent Nos. 5,313,381, 6,107,851, and 6,249,876).

6.    In support of personal jurisdiction over the Defendants in this case, Paragraph no. 6 of Plaintiff's Complaint alleges that "[t]his Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of conducting activities within this State and District."  In Paragraph 9, the Complaint alleges:

> *Upon information and belief*, Defendants manufacture pulse width modulation ("PWM") controller integrated circuits devices (e.g., devices intended for use in power conversion applications such as off-line power supplies or battery chargers for portable electronics) and directly and through their affiliates, import, sell, and offer to sell the same throughout the United States, including Delaware.

The Complaint, however, does not allege that SIM-BCD and/or BCD California has ever:  (i) manufactured goods in Delaware; (ii) maintained an office in Delaware; (iii) owned property in Delaware; or (iv) employed staff in Delaware.

7.    On January 18, 2008, Defendants filed an action for declaratory judgment against PI on these same set of patents (U.S. Patent Nos. 5,313,381, 6,107,851, and 6,249,876) in the Northern District of California.    (Exhibit 3, DJ Complaint, Civil Action No. 08-372-MEJ.)

## ARGUMENT

## I.    THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

### A.    PI HAS THE BURDEN OF PROVING THAT THIS COURT HAS JURISDICTION OVER DEFENDANTS UNDER THE DELAWARE LONG-ARM STATUTE AND CONSISTENT WITH DUE PROCESS

To support a motion to dismiss for lack of personal jurisdiction, a defendant need only allege that it is not subject to the court's jurisdiction.    The plaintiff then bears the burden of proving personal jurisdiction over the defendant. *See Applied Biosystems, Inc. v. Cruachem, Ltd.*,

772 F. Supp. 1458, 1462 (D. Del. 1991). PI must prove "with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). PI, however, has no facts to justify this Court's exercise of personal jurisdiction over BCD California and SIM-BCD.

Determining personal jurisdiction over a nonresident defendant requires a two-part analysis: (1) whether the state's long-arm statute reaches the defendant; and (2) if so, whether subjecting the defendant to jurisdiction in that state comports with constitutional notions of due process. *See, e.g., Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).[2] Delaware's long-arm statute does not reach Defendants, nor would constitutional notions of due process be satisfied even if the long-arm statute reached Defendants.

## B. THE DELAWARE LONG-ARM STATUTE DOES NOT ALLOW THIS COURT TO EXERCISE PERSONAL JURISDICTION OVER DEFENDANTS

Under the Delaware long-arm statute, a court may not exercise personal jurisdiction over a nonresident unless the nonresident, in person or through an agent:

> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct

---

[2] In analyzing personal jurisdiction, the Federal Circuit applies the law of the regional circuit. *See, e.g., 3D Systems, Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998). The Federal Circuit uses its own law, however, to determine compliance with federal due process. *Id.; Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).

in the State or derives substantial revenue from services, or things
used or consumed in the State;

(5) Has an interest in, uses or possesses real property in the State;
or

(6) Contracts to insure or act as surety for, or on, any person,
property, risk, contract, obligation or agreement located, executed
or to be performed within the State at the time the contract is made,
unless the parties otherwise provide in writing.

DEL. CODE ANN. tit. 10, § 3104(c) (2004); *see also Intel Corp. v. Silicon Storage Tech.*, 20 F.
Supp. 2d 690, 694 (D. Del. 1998) (stating that "it is important not to collapse the long-arm
inquiry into the due process inquiry" because "the Delaware Supreme Court has not determined
that § 3104(c) is coextensive with federal due process, nor does it substitute federal due process
analysis for state long-arm analysis").

Delaware courts have interpreted subsections (c)(1)-(3) and (5)-(6) of the Delaware long-
arm statute as defining specific jurisdiction and subsection (c)(4) as defining general jurisdiction.
*See, e.g., La Nuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. Super. Ct. 1986);
*Jeffreys v. Exten*, 784 F. Supp. 146, 151 (D. Del. 1992). Accordingly, Plaintiff must demonstrate
either specific or general jurisdiction.

### 1. There is no Specific Jurisdiction over Defendants SIM-BCD and BCD California under the Delaware Long-Arm Statute.

#### a) For specific personal jurisdiction, the Delaware courts require more activities in Delaware related to the cause of action in the state than Defendants have.

The exercise of specific jurisdiction under subsections (c)(1)-(3) or (5)-(6) of the
Delaware long-arm statute is only appropriate when the alleged cause of action arose out of
defendant's contacts with the forum state. *See, e.g., LaNuova*, 513 A.2d at 768; *Jeffreys*, 784 F.
Supp. at 146. Because SIM-BCD and BCD California had no contacts with Delaware,
jurisdiction cannot lie under these sections. (*Id.* at ¶¶ 7, 9-12).

Specifically, SIM-BCD and BCD California have not committed any acts that could possibly constitute patent infringement in the State of Delaware. Patent infringement occurs when, without authority, one "makes, uses, offers to sell or sells any patented invention, within the United States, or imports into the United States any patented invention," or when one actively induces or contributes to the infringement of a patent. 35 U.S.C. § 271 (2004). SIM-BCD and BCD California do not make, use, sell, offer to sell, or import any of the allegedly infringing products in Delaware. (Chan Decl., ¶¶ 9-10.) Further, neither SIM-BCD nor BCD California has performed any acts, such as advertising, in Delaware that could constitute active inducement of infringement or even contributory infringement of PI's patents. (*Id.* at ¶¶ 9-11.)

> **b)** **The Supreme Court requires purposeful direction of activities related to the cause of action for specific jurisdiction, and there is no evidence of such activities by Defendants.**

To invoke specific jurisdiction, a plaintiff must show that a nonresident defendant "has 'purposefully directed' his activities at residents of the forum ... and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 472, 486 (1985). (quoting *Keeton v. Hustler Magazine*, 465 U.S. 770, 774 (1984), and *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, (1984); *accord 3D Systems*, 160 F.3d at 1378. The specific jurisdiction analysis concerns (1) the character of the defendant's activity in the forum, and (2) whether the claim arises out of or has a substantial connection with that activity. *See id.* at 476-477.

As explained above, Defendants meet neither requirement. They conduct no activities in Delaware, and PI's claim cannot have anything to do with activities in Delaware. Therefore, there can be no specific jurisdiction over them in this Court.

c)     **PI has no basis for arguing for specific jurisdiction under a stream-of-commerce theory.**

To the extent Plaintiff is asserting a "stream of commerce" theory of personal jurisdiction, there are no facts to support such a theory. Although PI alleges it found BCD chips in certain Samsung cell phone chargers on sale in Delaware, this Court has held that such activities did not support jurisdiction because they are not sufficiently directed at residents of Delaware to constitute "transacting business" in Delaware. *Siemens Aktiengesellschaft v. LG Semicon Co.*, 69 F. Supp. 2d 622, 626 (D. Del. 1999) (citing *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1158 (Del. Super. Ct. 1997)).

In *Siemens*, this Court refused to exercise personal jurisdiction over LG Semicon, which derived nearly two million dollars in revenue from the sales of semiconductor devices that eventually became components in other products that were used in Delaware. 69 F. Supp. 2d at 626. LG Semicon designed and manufactured the accused memories and sold them primarily to large OEMs through its own regional sales representatives and through an independent national distributor. *Id.* at 623. The OEMs then incorporated the memories into their computers and devices manufactured and distributed worldwide. *Id.* As a result, end products with the accused DRAMs as components were available to consumers in Delaware. *Id.* The *Siemens* Court also found such indirect contact with the forum insufficient to meet the requirements of "transacting business" under § 3104(c)(1) because an act "must be directed at residents of Delaware and the protection of Delaware laws." *Siemens*, 69 F. Supp. 2d at 625. This Court has interpreted § 3104(c)(1) to "require some action by the defendant occur within Delaware." *Id.* at 626 ("when a manufacturer transfers title to goods to a third party outside Delaware it is not deemed to have performed an act in Delaware") "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum

8

State." *Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of Cal.*, 480 U.S. 102, 112 (1987); *see also ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 272 (D. Del. 2001).

> **2.    There is no General Jurisdiction Over Defendants SIM-BCD and BCD California Under the Delaware Long-Arm Statute**
>
> > **a)    For general personal jurisdiction, the Delaware courts require more contacts with the state than Defendants have.**

This Court also may not exercise general jurisdiction over SIM-BCD and BCD California pursuant to subsection (c)(4) of the Delaware long-arm statute because jurisdiction under this subsection is appropriate only "when a defendant has had contacts with [the forum state] that are so extensive and continuing that it is fair and consistent with state policy to require that the defendant appear [in Delaware] and defend a claim even when that claim arose outside of [Delaware] and causes injury outside this state." *Red Sail Easter Ltd. Partners v. Radio City Music Hall Prods., Inc.*, No. CIV. A. 12036, 1991 WL 129174 at *3 (Del. Ch. Jul. 10, 1991); *Reach & Assocs., P. C. v. Dencer*, 269 F. Supp. 2d 497, 505 (D. Del. 2003) ("[w]hile seemingly broad, the standard for general jurisdiction is high in practice and not often met."); *Silicon Storage Tech.*, 20 F. Supp. 2d. at 669 (stating that cases of general jurisdiction under Delaware's long-arm statute are rare).

The absence of any contacts between SIM-BCD or BCD California and Delaware—let alone "extensive and continuing" contacts—prohibits this Court from exercising general jurisdiction over SIM-BCD and BCD California. *See, e.g., Red Sail*, 1991 WL 129174 at *3 (finding that a defendant whose only contact with the forum involved filing forms to merge several wholly-owned subsidiaries had not engaged in "a persistent course of conduct" or derived "substantial revenue from services, or things used or consumed" in the forum, as required by § 3104(c)(4)). Additionally, since SIM-BCD and BCD California do not conduct

any business in Delaware and do not derive revenue from services used or consumed in Delaware, § 3104(c)(4)'s requirements of regularly conducting business or deriving substantial revenue are not satisfied. *See Citinental Trading Co. v. Naporano Iron & Metal Co.*, C.A. No. 95-304, 1997 U.S. Dist. LEXIS 7727, *8-* 10 (D. Del. May 27, 1997) (finding that a nonresident defendant who made limited business trips to the forum and derived limited revenue from the forum, either in absolute dollars or percentage of gross revenue, was not subject to jurisdiction pursuant § 3104(c)(4)); *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 561 (D. Del. 1998) (finding no jurisdiction over a parent corporation under § 3104(c)(4) where a subsidiary used the parent's name and the parent maintained a website that provided general information about its company and product line). SIM-BCD and BCD California have not directed activities toward Delaware. They have no offices, agents, employees, or property here, nor have they presented chips for sale to any customers in Delaware. Any alleged contacts with Delaware to which PI could possibly point are even more remote than those in cases where this Court found no jurisdiction, so there can be no jurisdiction over Defendants in Delaware.

> **b)    The Supreme Court also requires more contacts with the forum state than Defendants have before exercising personal jurisdiction.**

In general, courts have set a high standard for plaintiffs seeking to establish general jurisdiction. *See generally, Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416-17 (1984). Only if a nonresident defendant's activities in the forum state are "continuous and systematic" is there a constitutionally sufficient basis to warrant jurisdiction over all causes of action asserted against it. *Helicopteros* 466 U.S. at 421; *Provident Nat'l Bank*, 819 F.2d at 437; *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952).

In *Helicopteros*, a foreign defendant's general business contacts with the forum state did not rise to the level of "continuous and systematic" despite the fact that the defendant purchased

equipment from the forum state, sent personnel for training in the forum state, and sent a corporate officer for contract negotiations in the forum state. *Helicopteros* 466 U.S. at 416-418. The foreign defendant had never performed operations or solicited business in the state, and the Court held that the brief presence of employees or minor purchases did not rise to the level of "continuous and systematic general business contacts." *Id.*

Here, SIM-BCD and BCD California do not even have the level of contacts with Delaware that the defendant had in *Helicopteros*. Defendants have not: (i) manufactured goods in Delaware; (ii) sold goods or services in Delaware, either directly or through its distributors or sales representatives; (iii) advertised or offered to sell goods or services in Delaware; (iv) traded in Delaware; (v) maintained an office in Delaware; (vi) owned or used property in Delaware; or (vii) employed staff in Delaware. (Chan Decl., ¶¶ 5-11.) Thus, there is no basis for exercising general personal jurisdiction.

**c)    PI has no basis for arguing for general jurisdiction under a stream-of-commerce theory.**

Moreover, general jurisdiction is also not proper under a "stream of commerce" theory. The *Siemens* court concluded that LG Semicon's sales of DRAM chips outside Delaware did not amount to the continuous and substantial activity that § 3104(c)(4) requires and that the revenue LG Semicon generated through sales of DRAM chips to customers outside Delaware whose electronic devices are sold in Delaware was too remote and insubstantial to meet the requirements of § 3104(c)(4). There is similarly no justification to exercise jurisdiction under subsection (c)(4) over SIM-BCD and BCD California here.

Further, when jurisdiction under § 3104(c)(4) is based on a stream of commerce theory, the Delaware Superior Court has held that the defendant must have an "intent or purpose to serve the Delaware market with their product." *Siemens*, 69 F. Supp. 2d 622. In this case, neither

SIM-BCD nor BCD California has exhibited an intent or purpose to serve the Delaware market. All sales of their integrated circuits take place outside of Delaware and, accordingly, do not and cannot amount to the continuous and substantial activity required by § 3104(c)(4). SIM-BCD and BCD California do not actively solicit business in Delaware. And neither Defendants nor their distributors or sales representatives have ever sold any integrated circuits in Delaware.

For these reasons, Plaintiff's naked allegation that Defendants imported, sold, and offered for sale infringing goods in Delaware is baseless and Plaintiff cannot allege any legitimate basis for either specific or general jurisdiction under the Delaware long-arm statute.

## C.    EXERCISING JURISDICTION IN DELAWARE OVER DEFENDANTS WOULD CONTRAVENE DUE PROCESS

Subjecting SIM-BCD and BCD California to jurisdiction in Delaware would violate due process. The "constitutional touchstone" of a due process analysis is whether the nonresident defendant has purposefully established "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'" *Asahi Metal*, 480 U.S. at 108-09, 113 (1987), (citing *Burger King*, 471 U.S. at 474 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))). To find such "minimum contacts," the plaintiff must demonstrate either general or specific jurisdiction. *See Helicopteros v. Hall*, 466 U.S. at 414. As explained above, Plaintiff can do neither.

Even if Plaintiff established sufficient "minimum contacts" between SIM-BCD and BCD California and Delaware for this Court to exercise jurisdiction, to do so would violate the Due Process Clause's requirement that "maintenance of the suit ... not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros*, 466 U.S. at 414 (1984) (quoting *International Shoe*, 326 U.S. at 316 (1945)). This analysis requires a balancing of the burden on the defendant in having to defend itself in the forum state, the interests of the forum state in resolving

controversies flowing from in-state events, and the plaintiff's interest in a convenient forum. *Burger King*, 471 U.S. at 477. These factors demonstrate the inherent unfairness of hauling SIM-BCD and BCD California into a Delaware court to participate in an action brought by Plaintiff.

BCD California has just two employees, both of whom reside in California. (Chan Decl., ¶ 6.) To require a company with so few employees to defend itself in an unfamiliar forum with which it has no contacts would be unduly burdensome.

In addition, Delaware has no interest in resolving this controversy with respect to SIM-BCD and BCD California. As stated above, SIM-BCD is a Chinese company and BCD California is a California company. Neither has contacts in Delaware. Thus, the balancing analysis required under *Burger King* weighs heavily against exercising personal jurisdiction over SIM-BCD and BCD California.

## CONCLUSION

PI cannot carry its burden of proving facts sufficient to support this Court's jurisdiction. Accordingly, this Court should dismiss the Complaint against SIM-BCD and BCD California for lack of personal jurisdiction.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon ((I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

E. Robert Yoches
Joyce Craig
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000

Robert L. Burns
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Erik R. Puknys
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, CA 94304
(650) 849-6600

Dated: January 21, 2008
187480.1

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a Delaware          )
corporation,                                  )
                                              )
                  Plaintiff,                  )          Civil Action No. 07-633-JJF
                                              )
        v.                                    )
                                              )
BCD SEMICONDUCTOR CORPORATION, a              )
California corporation, and SHANGHAI SIM-BCD  )
SEMICONDUCTOR MANUFACTURING CO.               )
LTD., a China corporation                     )
                                              )
                  Defendants.                 )
_____ )

## DECLARATION OF TUNG-YI CHAN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Tung-Yi Chan, hereby declare and state that:

1.      I am the Chief Executive Officer of BCD Semiconductor Manufacturing Limited ("BCD"). I make this declaration based on personal knowledge and my review of the records of BCD Semiconductor Corporation ("BCD California") and Shanghai SIM-BCD Semiconductor Manufacturing Co. Ltd. ("SIM-BCD"). I am a resident of Shanghai, China. I have been employed by BCD since November 2005.

2.      BCD California is incorporated under the laws of California, with its sole office at 30920 Huntswood Avenue, Suite D, Hayward, California.

3.      SIM-BCD is organized under the laws of the People's Republic of China, with headquarters at 800 Yishan Road, Shanghai, China.

4.      Both BCD California and SIM-BCD are wholly-owned subsidiaries of BCD, which is incorporated under the laws of the Cayman Islands and shares office space with SIM-BCD in Shanghai.

5.      SIM-BCD has no employees or offices in Delaware, or anywhere else in the United States.

6.      BCD California has a single office and two employees, all in California.

7.      Neither SIM-BCD nor BCD California has an interest in, possesses, or uses real property in Delaware.

8.      Neither SIM-BCD nor BCD California has paid or is obligated to pay any taxes or franchise fees in Delaware.

9.      Neither SIM-BCD nor BCD California has manufactured any products in Delaware, sold any products to Delaware residents, or shipped any products to Delaware, either directly or through sales agents.

10.     Neither SIM-BCD nor BCD California solicits business in Delaware.

11.     Neither SIM-BCD nor BCD California contracts to supply services or things in Delaware.

12.     Neither SIM-BCD nor BCD California has agreed to insure any person, property, or risk in Delaware.

13.     Neither SIM-BCD nor BCD California has designated any agent for service or consented to suit in Delaware.

14.     Until the present action was brought, neither SIM-BCD nor BCD California had ever been sued in Delaware courts.

15.     SIM-BCD has sold no chips with part number AP3700ZTR-E1, or any other products, in Delaware, either directly or through its agents. SIM-BCD cannot determine what percentage of worldwide sales of this chip may be in telephone chargers in Delaware because SIM-BCD does not know how many of its customer's products are in Delaware.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 21th day of January 2008, at Shanghai, China.

_____
Tung-Yi Chan
Chief Executive Officer
BCD Semiconductor Manufacturing Limited

# EXHIBIT 2

ADRMOP, AO279, CLOSED, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:07-cv-03137-WHA

| | |
|---|---|
| Power Integrations, Inc. v. BCD Semiconductor Corporation | Date Filed: 06/14/2007 |
| Assigned to: Hon. William H. Alsup | Date Terminated: 10/16/2007 |
| Cause: 28:1338 Patent Infringement | Jury Demand: Plaintiff |
| | Nature of Suit: 830 Patent |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Power Integrations, Inc.**
*a Delaware corporation*

represented by **Howard Glenn Pollack**
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94063
650-839-5070
Fax: 650-839-5071
Email: pollack@fr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frank Everett Scherkenbach**
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
617-542-5070
Fax: 617-542-8906
Email: scherkenbach@fr.com
*ATTORNEY TO BE NOTICED*

**Michael Richard Headley**
Fish & Richardson P.C.
500 Arguello St., Ste. 500
Redwood City, CA 94063
650-839-5139
Fax: 650-8395071
Email: headley@fr.com
*ATTORNEY TO BE NOTICED*

**Shaham Kameron Parvin**
Fish & Richardson P.C.
500 Arguello Street
Suite 500

Redwood City, CA 94063
650-839-5070
Fax: 650-839-5071
Email: parvin@fr.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**BCD Semiconductor Corporation**
*a California corporation*

represented by **E. Robert Yoches**
Finnegan Henderson Farabow Garrett &
Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413
202-408-4000
Fax: 202-408-4400
*ATTORNEY TO BE NOTICED*

**Erik Raymond Puknys**
Finnegan, Henderson, Farabow, Garrett
&
3300 Hillview Avenue
Palo Alto, CA 94304
650/849-6644
Fax: 650.849.6666
Email: erik.puknys@finnegan.com
*ATTORNEY TO BE NOTICED*

**Robert L. Burns**
Finnegan Henderson Farabow Garrett &
Dunner
11955 Freedom Dr.
Reston, VA 20190-5675
571-203-2700
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shanghai SIM-BCD Semiconductor
Manufacturing, Co., Ltd.**

represented by **E. Robert Yoches**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert L. Burns**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/14/2007 | 1 | COMPLAINT (with jury demand) against BCD Semiconductor Corporation, Shanghai SIM-BCD Semiconductor Manufacturing, Co., |

| | | |
|---|---|---|
| | | Ltd. (Filing fee $350, receipt number 56411001170). Filed by Power Integrations, Inc. (kc, COURT STAFF) (Filed on 6/14/2007) Modified on 6/18/2007 (cjl, COURT STAFF). Additional attachment(s) added on 6/26/2007 (cjl, COURT STAFF). (Entered: 06/15/2007) |
| 06/14/2007 | | CASE DESIGNATED for Electronic Filing. (kc, COURT STAFF) (Filed on 6/14/2007) (Entered: 06/15/2007) |
| 06/14/2007 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 9/10/2007. Case Management Conference set for 9/17/2007 at 04:00 PM. (Attachments: # 1 Standing Order)(kc, COURT STAFF) (Filed on 6/14/2007) (Entered: 06/15/2007) |
| 06/14/2007 | | REPORT on the filing or determination of an action regarding Patents (cc: form mailed to register). (kc, COURT STAFF) (Filed on 6/14/2007) (Entered: 06/15/2007) |
| 06/14/2007 | | Summons Issued as to BCD Semiconductor Corporation, Shanghai SIM-BCD Semiconductor Manufacturing, Co., Ltd.. (cjl, COURT STAFF) (Filed on 6/14/2007) (Entered: 06/18/2007) |
| 07/23/2007 | 3 | Declination to Proceed Before a U.S. Magistrate Judge by Power Integrations, Inc.. (Parvin, Shaham) (Filed on 7/23/2007) (Entered: 07/23/2007) |
| 07/23/2007 | 4 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (wdblc1, COURT STAFF) (Filed on 7/23/2007) (Entered: 07/23/2007) |
| 07/24/2007 | 5 | ORDER REASSIGNING CASE. Case reassigned to Judge William H. Alsup for all further proceedings. Judge Wayne D. Brazil no longer assigned to the case. Signed by Judge Executive Committee on 7/24/07. (kk, COURT STAFF) (Filed on 7/24/2007) (Entered: 07/24/2007) |
| 08/06/2007 | 6 | CLERK'S NOTICE Scheduling Initial Case Management Conference on Reassignment set for 9/20/2007 11:00 AM. Case Management Statement due by 9/13/2007. (dt, COURT STAFF) (Filed on 8/6/2007) (Entered: 08/06/2007) |
| 08/06/2007 | 7 | SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE re 6 Clerks Notice. Signed by Judge William Alsup on 4/9/07. (dt, COURT STAFF) (Filed on 8/6/2007) (Entered: 08/06/2007) |
| 08/22/2007 | 8 | STIPULATION *JOINT STIPULATION AND [PROPOSED] ORDER RESCHEDULING CASE MANAGEMENT CONFERENCE* by Power Integrations, Inc.. (Headley, Michael) (Filed on 8/22/2007) (Entered: 08/22/2007) |
| 08/22/2007 | 9 | STIPULATION AND ORDER [re 8 Stipulation filed by Power Integrations, Inc.]. Signed by Judge William Alsup on 8/22/2007. (whasec, COURT STAFF) (Filed on 8/22/2007) (Entered: 08/22/2007) |
| 08/22/2007 | | Set/Reset Deadlines:, Set/Reset Hearings: Case Management Statement due by 9/6/2007. Case Management Conference set for 9/13/2007 11:00 |

| | | AM. (sis, COURT STAFF) (Filed on 8/22/2007) (Entered: 08/23/2007) |
|---|---|---|
| 08/23/2007 | 10 | First Ex Parte Application *for Continuance of Initial Case Management Conference* filed by Power Integrations, Inc.. (Attachments: # 1 Proposed Order)(Pollack, Howard) (Filed on 8/23/2007) (Entered: 08/23/2007) |
| 08/27/2007 | 11 | STIPULATION and Proposed Order selecting Private ADR by Power Integrations, Inc. (Pollack, Howard) (Filed on 8/27/2007) (Entered: 08/27/2007) |
| 08/28/2007 | 12 | ORDER by Judge Alsup granting in part and denying in part 10 Ex Parte Application to Continue Initial Case Management Conference (whalc1, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/28/2007) |
| 08/28/2007 | | Set Deadlines/Hearings: Case Management Statement due by 9/27/2007. Case Management Conference set for 10/4/2007 11:00 AM. (sis, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 09/07/2007 | 13 | CLERK'S NOTICE Rescheduling Hearing. Case Management Conference set for 10/18/2007 11:00 AM. Case Management Statement due by 10/11/2007. (dt, COURT STAFF) (Filed on 9/7/2007) (Entered: 09/07/2007) |
| 10/09/2007 | 14 | STIPULATION *TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT* by BCD Semiconductor Corporation. (Puknys, Erik) (Filed on 10/9/2007) (Entered: 10/09/2007) |
| 10/11/2007 | 15 | JOINT CASE MANAGEMENT STATEMENT *, RULE 26(F) REPORT, AND PROPOSED ORDER* filed by Power Integrations, Inc.. (Pollack, Howard) (Filed on 10/11/2007) (Entered: 10/11/2007) |
| 10/12/2007 | 16 | CLERK'S NOTICE Rescheduling Case Management Conference set for 10/17/2007 02:00 PM. (dt, COURT STAFF) (Filed on 10/12/2007) (Entered: 10/12/2007) |
| 10/15/2007 | 17 | NOTICE of Voluntary Dismissal *Without Prejudice Under Rule 41(A) and [Proposed] Order* by Power Integrations, Inc. (Pollack, Howard) (Filed on 10/15/2007) (Entered: 10/15/2007) |
| 10/15/2007 | 19 | MOTION for leave to appear in Pro Hac Vice, E. Robert Yoches ( Filing fee $ 210, receipt number 34611011473.) filed by BCD Semiconductor Corporation, Shanghai SIM-BCD Semiconductor Manufacturing, Co., Ltd.. (sis, COURT STAFF) (Filed on 10/15/2007) (Entered: 10/16/2007) |
| 10/15/2007 | | Received Order re 19 MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 210, receipt number 34611011473.) by BCD Semiconductor Corporation, Shanghai SIM-BCD Semiconductor Manufacturing, Co., Ltd.. (sis, COURT STAFF) (Filed on 10/15/2007) (Entered: 10/16/2007) |
| 10/15/2007 | 20 | MOTION for leave to appear in Pro Hac Vice, Robert L. Burns, Esq., ( Filing fee $ 210, receipt number 34611011472.) filed by BCD Semiconductor Corporation, Shanghai SIM-BCD Semiconductor Manufacturing, Co., Ltd.. (sis, COURT STAFF) (Filed on 10/15/2007) |

| | | (Entered: 10/16/2007) |
|---|---|---|
| 10/15/2007 | | Received Order re 20 MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 210, receipt number 34611011472.) by BCD Semiconductor Corporation, Shanghai SIM-BCD Semiconductor Manufacturing, Co., Ltd.. (sis, COURT STAFF) (Filed on 10/15/2007) (Entered: 10/16/2007) |
| 10/15/2007 | 21 | CERTIFICATE OF SERVICE by BCD Semiconductor Corporation, Shanghai SIM-BCD Semiconductor Manufacturing, Co., Ltd. re Received Order, Received Order, 20 MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 210, receipt number 3461101147.) MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 210, receipt number 3461101147.), 19 MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 210, receipt number 3461101147.) MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 210, receipt number 3461101147.) (sis, COURT STAFF) (Filed on 10/15/2007) (Entered: 10/16/2007) |
| 10/16/2007 | 18 | ORDER OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE. Signed by Judge Alsup on October 16, 2007. (whalc1, COURT STAFF) (Filed on 10/16/2007) (Entered: 10/16/2007) |
| 10/17/2007 | 22 | ORDER granting application for admission of Robert L. Burns pro hac vice. Signed by Judge William H Alsup on 10/17/2007. (cgk, COURT STAFF) (Filed on 10/17/2007) (Entered: 10/17/2007) |
| 10/17/2007 | 23 | ORDER granting application for admission of E. Robert Yoches pro hac vice. Signed by Judge William H Alsup on 10/17/2007. (cgk, COURT STAFF) (Filed on 10/17/2007) (Entered: 10/17/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/21/2008 12:54:56 | | |
| PACER Login: | fh0018 | Client Code: | 99001.0005-00000/0722 |
| Description: | Docket Report | Search Criteria: | 3:07-cv-03137-WHA |
| Billable Pages: | 3 | Cost: | 0.24 |

1 | Frank E. Scherkenbach (CA #142549; scherkenbach@fr.com)
FISH & RICHARDSON P.C.
2 | 225 Franklin Street
Boston, Massachusetts 02110-2804
3 | Telephone: (617) 542-5070
Facsimile:  (617) 542-8906
4 |
Howard G. Pollack (#162897; pollack@fr.com)
5 | Michael R. Headley (#220834; headley@fr.com)
S. Kameron Parvin (#232349; parvin@fr.com)
6 | FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
7 | Redwood City, California 94063
Telephone:  (650) 839-5070
8 | Facsimile:  (650) 839-5071

9 | Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

10 |

11 |

12 |                   UNITED STATES DISTRICT COURT

13 |                 NORTHERN DISTRICT OF CALIFORNIA

14 |

15 | POWER INTEGRATIONS, INC., a Delaware          Case No.
corporation,
16 |
                    Plaintiff,
17 |                                              **COMPLAINT FOR PATENT
                                                 INFRINGEMENT**
18 |       v.
                                                 **DEMAND FOR JURY TRIAL**
19 | BCD SEMICONDUCTOR CORPORATION, a
California corporation, SHANGHAI SIM-BCD
20 | SEMICONDUCTOR MANUFACTURING,
CO., LTD, a China corporation,
21 |
                    Defendants.
22 |

23 |

24 |       Plaintiff Power Integrations, Inc. hereby alleges as follows:

25 |                          **THE PARTIES**

26 |       1.      Power Integrations, Inc. ("Power Integrations") is incorporated under the laws of the

27 | state of Delaware, and has a regular and established place of business at 5245 Hellyer Avenue, San

28 | Jose, California 95138.

C07  03137  WDB

ORIGINAL FILED
JUN 1 4 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1      2.     Upon information and belief, defendant BCD Semiconductor Corporation

2   (hereinafter "BCD Semiconductor") is incorporated under the laws of the state of California, and

3   has a regular established place of business at 30920 Huntwood Avenue, Suite D, Hayward,

4   California 94544.

5      3.     Upon information and belief, Defendant Shanghai SIM-BCD Semiconductor

6   Manufacturing Company Ltd. (hereinafter "SIM-BCD Semiconductor") is incorporated under the

7   laws of the People's Republic of China, with its headquarters located at 800 Yishan Road, Shanghai

8   200233, China.

9      4.     Defendant BCD Semiconductor and defendant SIM-BCD Semiconductor will

10   hereinafter be collectively referred to as "Defendants."

11              **JURISDICTION AND VENUE**

12      5.     This action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et

13   seq. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

14      6.     Upon information and belief, this Court has personal jurisdiction over Defendants

15   because Defendants are doing business and advertising in this judicial District.

16      7.     Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C.

17   §§ 1391(b), (c) and 1400 because the Defendants are subject to personal jurisdiction in this judicial

18   District.

19              **GENERAL ALLEGATIONS**

20      8.     Power Integrations' products include its TOPSwitch®, TinySwitch®, LinkSwitch®,

21   and DPA-Switch® families of power conversion integrated circuit devices which are used in power

22   supplies for electronic devices such as cellular telephones, LCD monitors and computers. These

23   products are sold throughout the United States, including California.

24      9.     Upon information and belief, Defendants manufacture pulse width modulation

25   ("PWM") controller integrated circuit devices (e.g., devices intended for use in power conversion

26   applications such as off-line power supplies or battery chargers for portable electronics), and

27   directly and through their affiliates, import, sell, and offer to sell the same throughout the United

28   States, including California.

2

1

## FIRST CAUSE OF ACTION

2

### INFRINGEMENT OF U.S. PATENT NO. 6,107,851 BY ALL DEFENDANTS

3      10.    The allegations of paragraphs 1-9 are incorporated for this First Cause of Action as

4    though fully set forth herein.

5      11.    Power Integrations is now, and has been since its issuance, the assignee and sole

6    owner of all right, title, and interest in United States Patent No. 6,107,851, entitled "Offline

7    Converter with Integrated Softstart and Frequency Jitter" ("the '851 patent"), which was duly and

8    legally issued on August 22, 2000.  A true and correct copy of the '851 patent is attached hereto as

9    Exhibit A.

10      12.    Upon information and belief, Defendants have been and are now infringing, inducing

11    infringement, and contributing to the infringement of the '851 patent in this District and elsewhere

12    by making, using, selling, and offering to sell devices, including PWM controller integrated circuit

13    devices, covered by one or more claims of the '851 patent, all to the injury of Power Integrations.

14      13.    Defendants' acts of infringement have injured and damaged Power Integrations.

15      14.    Defendants' infringement has caused irreparable injury to Power Integrations and

16    will continue to cause irreparable injury until Defendants are enjoined from further infringement by

17    this Court.

18

### SECOND CAUSE OF ACTION

19

### INFRINGEMENT OF U.S. PATENT NO. 6,249,876 BY ALL DEFENDANTS

20      15.    The allegations of paragraphs 1-9 are incorporated for this Second Cause of Action

21    as though fully set forth herein.

22      16.    Power Integrations is now, and has been since its issuance, the assignee and sole

23    owner of all right, title, and interest in United States Patent No. 6,249,876, entitled "Frequency

24    Jittering Control for Varying the Switching Frequency of a Power Supply" ("the '876 patent"),

25    which was duly and legally issued on June 19, 2001.  A true and correct copy of the '876 patent is

26    attached hereto as Exhibit B.

27      17.    Upon information and belief, Defendants have been and are now infringing, inducing

28    infringement, and contributing to the infringement of the '876 patent in this District and elsewhere

COMPLAINT FOR PATENT INFRINGEMENT
Case No. _____ .()

1  by making, using, selling, and offering to sell devices, including PWM controller integrated circuit

2  devices, covered by one or more claims of the '876 patent, all to the injury of Power Integrations.

3      18.    Defendants' acts of infringement have injured and damaged Power Integrations.

4      19.    Defendants' infringement has caused irreparable injury to Power Integrations and

5  will continue to cause irreparable injury until Defendants are enjoined from further infringement by

6  this Court.

7                          **THIRD CAUSE OF ACTION**

8      **INFRINGEMENT OF U.S. PATENT NO. 5,313,381 BY ALL DEFENDANTS**

9      20.    The allegations of paragraphs 1-9 are incorporated for this Third Cause of Action as

10  though fully set forth herein.

11      21.    Power Integrations is now, and has been since its issuance, the assignee and sole

12  owner of all right, title, and interest in United States Patent No. 5,313,381, entitled "Three-terminal

13  switched mode power supply integrated circuit" ("the '381 patent"), which was duly and legally

14  issued on May 17, 1994. A true and correct copy of the '381 patent is attached hereto as Exhibit C.

15      22.    Upon information and belief, Defendants have been and are now infringing, inducing

16  infringement, and contributing to the infringement of the '381 patent in this District and elsewhere

17  by making, using, selling, and offering to sell devices, including PWM controller integrated circuit

18  devices, covered by one or more claims of the '381 patent, all to the injury of Power Integrations.

19      23.    Defendants' acts of infringement have injured and damaged Power Integrations.

20      24.    Defendants' infringement has caused irreparable injury to Power Integrations and

21  will continue to cause irreparable injury until Defendants are enjoined from further infringement by

22  this Court.

23                          **PRAYER FOR RELIEF**

24      WHEREFORE, Plaintiff requests the following relief:

25      (a)    a permanent injunction preventing Defendants and their officers, directors, agents,

26  servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active

27  concert or participation with any of them, from making, using, or selling any devices that infringe

28  any claim of the '851, '876, and '381 patents;

4

COMPLAINT FOR PATENT INFRINGEMENT
Case No. _____.11

1    (b)    damages in an amount to be determined at trial;

2    (c)    costs and reasonable attorney fees incurred in connection with this action pursuant to

3    35 U.S.C. § 285; and

4    (d)    such other and further relief as the Court deems appropriate.

## JURY DEMAND

6    A JURY TRIAL IS DEMANDED BY PLAINTIFF.

7

8    Dated:  June 14, 2007                    FISH & RICHARDSON P.C.

9

10                                  By: _____

11                                      Howard G. Pollack

12                                  Attorneys for Plaintiff
                                    POWER INTEGRATIONS, INC.

13   50420801.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

COMPLAINT FOR PATENT INFRINGEMENT
Case No. _____

# EXHIBIT 3

1  Erik R. Puknys (CAB #190926)
   erik.puknys@finnegan.com
2  FINNEGAN, HENDERSON,
     FARABOW, GARRETT & DUNNER, L.L.P.
3  Stanford Research Park
   3300 Hillview Avenue
4  Palo Alto, California  94304-1203
   Telephone:    (650) 849-6600
5  Facsimile:    (650) 849-6666

6  E. Robert Yoches (Not yet admitted pro hac vice)
   FINNEGAN, HENDERSON,
7    FARABOW, GARRETT & DUNNER, L.L.P.
   901 New York Avenue, N.W.
8  Washington, D.C. 20001
   Telephone:    (202) 408-4000
9  Facsimile:    (202) 408-4400

10
   Robert L. Burns (Not yet admitted pro hac vice)
11 FINNEGAN, HENDERSON,
     FARABOW, GARRETT & DUNNER, L.L.P.
12 11955 Freedom Drive
   Reston, Virginia 20190
13 Telephone:    (571) 203-2700
   Facsimile:    (202) 408-4400
14
15 Attorneys for Plaintiffs
   BCD SEMICONDUCTOR CORPORATION,
16 and SHANGHAI SIM-BCD SEMICONDUCTOR
   MANUFACTURING, CO., LTD.
17
18                  UNITED STATES DISTRICT COURT
19              NORTHERN DISTRICT OF CALIFORNIA
20

21 BCD SEMICONDUCTOR CORPORATION and )      CASE NO.
   SHANGHAI SIM-BCD SEMICONDUCTOR          )
22 MANUFACTURING, CO., LTD.                )
                                           )
23              Plaintiffs,                )      **COMPLAINT FOR DECLARATORY**
                                           )      **JUDGMENT**
24          v.                             )
                                           )
25 POWER INTEGRATIONS, INC.                )
                                           )
26              Defendant.                 )
                                           )
27 ─────────────────────────────────────── )
28

                                  1
                                         COMPLAINT FOR DECLARATORY JUDGMENT
                                                        Case No.

Plaintiffs BCD Semiconductor Corporation and Shanghai SIM-BCD Semiconductor Manufacturing Co., Ltd. (collectively, "Plaintiffs") allege as follows for its Complaint for Declaratory Judgment against Defendant Power Integrations, Inc. ("Power Integrations"):

## Parties

1.    Plaintiff Shanghai SIM-BCD Semiconductor Manufacturing Co., Ltd. ("SIM-BCD") is organized under the laws of the People's Republic of China, with a place of business at 800 Yishan Road, Shanghai, China.

2.    Plaintiff BCD Semiconductor Corporation ("BCD California") is a California corporation with an office at 30920 Huntswood Avenue, Suite D, Hayward, California 94544.

3.    Upon information and belief, Defendant Power Integrations is a Delaware corporation with a regular and established place of business at 5245 Hellyer Avenue, San Jose, California 95138.

## Jurisdiction and Venue

4.    Plaintiffs bring this civil action under the Patent Laws, Title 35 of the United States Code, and under 28 U.S.C. § 2201 to obtain a declaration of noninfringement and/or invalidity with respect to Power Integrations' U.S. Patent Nos. 6,107,851, 6,249,876 and 5,313,381 (collectively, "the patents-in-suit").  Since this action arises under the Patent Laws of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    Power Integrations is subject to personal jurisdiction in this forum.

6.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

### Background

1

2      7.      Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through

3   6 and incorporate them by reference.

4      8.      Power Integrations claims to be the owner by assignment of each of the patents-in-

5   suit.

6      9.      On June 14, 2007, Power Integrations filed suit against Plaintiffs in the U.S. District

7   Court for the Northern District of California for infringement of the patents-in-suit (*Power*

8   *Integrations, Inc. v. BCD Semiconductor Corp. and Shanghai SIM-BCD Semiconductor*

9   *Manufacturing, Co., Ltd.*, Civil Action No. 07-cv-03137-WHA ("California Complaint")).  The

10   parties exchanged Initial Disclosures and filed a Joint Stipulated Rule 26(f)/Case Management

11   Statement and Proposed Order.  However, before an answer from Plaintiffs was due, Power

12   Integrations dismissed its lawsuit in California on October 15, 2007, and, on the same day, filed a

13   Complaint for infringement of the same patents against Plaintiffs in the U.S. District Court for the

14   District of Delaware (*Power Integrations, Inc. v. BCD Semiconductor Corp. and Shanghai SIM-*

15   *BCD Semiconductor Manufacturing, Co., Ltd.*, Civil Action No. 07-cv-00633-JJF ("Delaware

16   Complaint")).

17      10.      In both the California Complaint and Delaware Complaint, Power Integrations

18   alleged that Plaintiffs have been and are now infringing, inducing infringement, and contributing to

19   the infringement of the patents-in-suit by making, using, selling, offering to sell, and/or importing

20   devices, including pulse width modulation ("PWM") controller integrated circuit ("IC") devices,

21   covered by one or more claims of the patents-in-suit.

22      11.      SIM-BCD incorporates product development, circuit design, R&D, and

23   manufacturing capabilities to offer a wide range of innovative power management IC solutions,

24   including the accused IC devices.  BCD California provides regional sales services for the IC

25   solutions in North America.

26      12.      There is an actual and substantial controversy between Plaintiffs and Power

27   Integrations as to the infringement of the patents identified in this Complaint because Power

28

3

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

1  Integrations has brought patent infringement suits against Plaintiffs in California and Delaware and

2  expressly alleged that Plaintiffs' activities are infringing.

3  **First Count:  Declaratory Judgment of**

4  **Noninfringement and Invalidity of U.S. Patent No. 6,107,851**

5      13.     Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through

6  12 and incorporate them by reference.

7      14.     Upon information and belief, Power Integrations is the owner by assignment of U.S.

8  Patent No. 6,107,851, entitled "Offline Converter with Integrated Softstart and Frequency Jitter."

9      15.     Plaintiffs have not infringed and are not infringing, directly, indirectly, contributorily,

10  or otherwise, any of the claims of U.S. Patent No. 6,107,851.

11      16.     U.S. Patent No. 6,107,851 is invalid under one or more provisions of 35 U.S.C. §§

12  102, 103, and/or 112.

13  **Second Count:  Declaratory Judgment of**

14  **Noninfringement and Invalidity of U.S. Patent No. 6,249,876**

15      17.     Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through

16  12 and incorporate them by reference.

17      18.     On information and belief, Power Integrations is the owner by assignment of U.S.

18  Patent No. 6,249,876, entitled "Frequency Jittering Control for Varying the Switching Frequency of

19  a Power Supply."

20      19.     Plaintiffs have not infringed and are not infringing, directly, indirectly, contributorily,

21  or otherwise, any of the claims of U.S. Patent No. 6,249,876.

22      20.     U.S. Patent No. 6,249,876 is invalid under one or more provisions of 35 U.S.C. §§

23  102, 103, and/or 112.

24

25

26

27

28

4

**Third Count:  Declaratory Judgment of
Noninfringement and Invalidity of U.S. Patent No. 5,313,381**

21.     Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 12 and incorporate them by reference.

22.     On information and belief, Power Integrations is the owner by assignment of U.S. Patent No. 5,313,381, entitled "Three-Terminal Switched Mode Power Supply Integrated Circuit."

23.     Plaintiffs have not infringed and are not infringing, directly, indirectly, contributorily, or otherwise, any of the claims of U.S. Patent No. 5,313,381.

24.     Plaintiffs cannot be liable for infringement of U.S. Patent No. 5,313,381 because the claims are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

**Prayers for Relief**

WHEREFORE, Plaintiffs pray that this Court:

A.     declare that Plaintiffs have not infringed and are not infringing any of the claims of U.S. Patent Nos. 6,107,851, 6,249,876, and 5,313,381;

B.     declare that the claims of U.S. Patent Nos. 6,107,851, 6,249,876, and 5,313,381 are invalid;

C.     declare this case exceptional under 35 U.S.C. § 285 and award Plaintiffs its costs, disbursements, and attorney fees in connection with this action; and

D.     award Plaintiffs such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs request a trial by jury on all matters appropriately tried to a jury.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

1   Dated:    January 18, 2008              FINNEGAN, HENDERSON, FARABOW,
                                            GARRETT & DUNNER LLP
2

3                                           By: _Erik Puknys /REM

4                                           Erik R. Puknys (CAB #190926)
                                            Stanford Research Park
                                            3300 Hillview Avenue
5                                           Palo Alto, California 94304-1203
                                            Telephone: (650) 849-6600
6                                           Facsimile: (650) 849-6666

7                                           Attorneys for Plaintiff
                                            BCD SEMICONDUCTOR CORPORATION, and
8                                           SHANGHAI SIM-BCD SEMICONDUCTOR
                                            MANUFACTURING CO. LTD.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT
                                            Case No.

1    **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2         Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, and to the best of

3    his knowledge, there is no such interest to report.

4

5    Dated:      January 18, 2008            FINNEGAN, HENDERSON, FARABOW,
                                            GARRETT & DUNNER LLP
6

7                                           By: _Erik Puknys / RFM_
                                            Erik Puknys (CAB #190926)
8                                           Stanford Research Park
                                            3300 Hillview Avenue
9                                           Palo Alto, California  94304-1203
                                            Telephone: (650) 849-6600
10                                          Facsimile:  (650) 849-6666

11                                          Attorneys for Plaintiffs
                                            BCD SEMICONDUCTOR CORPORATION, and
12                                          SHANGHAI SIM-BCD SEMICONDUCTOR
                                            MANUFACTURING CO. LTD.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
BCD SEMICONDUCTOR CORPORATION and SHANGHAI SIM-BCD SEMICONDUCTOR MANUFACTURING, CO., LTD.

### DEFENDANTS
POWER INTEGRATIONS, INC.

**(b)** County of Residence of First Listed Plaintiff  Alameda County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Santa Clara County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Erik R. Puknys
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Stanford Research Park, 3300 Hillview Avenue
Palo Alto, CA 94304-1203 Tel: 650-849-6600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | **PERSONAL PROPERTY** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 370 Other Fraud | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 371 Truth in Lending | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 380 Other Personal Property Damage | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 385 Property Damage Product Liability | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | **PRISONER PETITIONS** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | **Habeas Corpus:** | | | |
| **CIVIL RIGHTS** | ☐ 530 General | | | |
| ☐ 441 Voting | ☐ 535 Death Penalty | | | |
| ☐ 442 Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 443 Housing/ Accommodations | ☐ 550 Civil Rights | | | |
| ☐ 444 Welfare | ☐ 555 Prison Condition | | | |
| ☐ 445 Amer. w/Disabilities – Employment | **IMMIGRATION** | | | |
| ☐ 446 Amer. w/Disabilities – Other | ☐ 462 Naturalization Application | | | |
| ☐ 440 Other Civil Rights | ☐ 463 Habeas Corpus – Alien Detainee | | | |
| | ☐ 465 Other Immigration Actions | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Patent Laws, Title 35; 28 U.S.C. Sec. 2201

Brief description of cause:
Declaratory Judgment for noninfringement or invalidity

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)     ☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE
January 18, 2008

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
                                                    Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA

BCD Semiconductor Corporation and Shanghai
SIM-BCD Semiconductor Manufacturing Co., Ltd.

### V.

Power Integrations, Inc.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

TO: (Name and address of defendant)

Power Integrations, Inc.
5245 Hellyer Avenue
San Jose, CA 95138

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Erik R. Puknys
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304-1203

an answer to the complaint which is herewith served upon you, within   20   days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in
the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK

DATE  January 18, 2008

(BY) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| | DATE | |
| Service of the Summons and Complaint was made by me [1] | | |
| Name of SERVER | TITLE | |

| *Check one box below to indicate appropriate method of service* |
|---|

☐    Served Personally upon the Defendant. Place where served:

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐    Returned unexecuted:

☐    Other *(specify):*

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |
| | | |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                    *Date*                                        *Signature of Server*

                                                    _____
                                                        *Address of Server*

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure