IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BCD SEMICONDUCTOR CORPORATION, a California corporation, SHANGHAI SIM-BCD SEMICONDUCTOR MANUFACTURING, CO., LTD, a China corporation,<br><br>    Defendants. | C.A. No. 07-633- JJF |

## [PROPOSED] RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS SO ORDERED that:

**1.    Pre-Discovery Disclosures**. To the extent they had not already done so, the parties exchanged the information required by Fed. R. Civ. P. 26(a)(1) on January 25, 2008.

**2.    Joinder of Other Parties**. Plaintiff Power Integrations ("Power Integrations") suggests that all motions to join other parties shall be filed on or before March 14, 2008.

Defendants (collectively, "BCD") suggest that all motions to join other parties shall be filed on or before January 16, 2009.

**3.    Amendment of the Pleadings**. Power Integrations suggests that all motions to amend the pleadings shall be filed on or before March 31, 2008.

BCD suggests that all motions to amend the pleadings shall be filed on or before January 30, 2009.

**4.    Preliminary Injunction**

**Power Integrations' statement:** Plaintiff Power Integrations filed a motion for preliminary injunction on January 25, 2008. BCD requested additional time (at least 90 days) to

respond and seeks discovery related to the motion, including substantially all transcripts, expert reports, depositions, and other documents relating to the Fairchild litigation. Power Integrations offered more limited discovery actually relating to the preliminary injunction motion, including depositions of the two substantive declarants during the weeks of February 4 and February 11, provided that BCD would agree to respond to the motion on the merits a few weeks later. Power Integrations also provided the testimony and declarations those two declarants gave during the Fairchild litigation to the extent it was able to do so under the terms of the protective order entered in that case and sought Fairchild's permission to provide the remaining materials to BCD. BCD declined Power Integrations' proposal. Power Integrations therefore requests that the Court schedule a hearing on the motion for preliminary injunction for the week of February 18, 2008, or as soon thereafter as possible.

**BCD's statement:** BCD believes that briefing on the preliminary injunction motion should be stayed until the Court resolves BCD's motion to dismiss, which was filed on January 21, 2008, and which may moot Power Integrations' preliminary injunction motion. BCD believes that Power Integrations can hardly claim prejudice resulting from any delay, since it waited to file its motion more than seven months after filing a complaint against BCD in California involving the same patents and products, and more than three months after voluntarily dismissing its California suit and re-filing the same action in Delaware.

If the Court does not stay briefing until it has decided BCD's motion to dismiss, BCD alternatively requests 90 additional days to respond to Power Integrations' preliminary injunction motion so that it can engage in discovery related to the motion, including discovery concerning the merits of Power Integrations' infringement and validity allegations as well its claims of irreparable harm. This is important for several reasons, including that businesses in China are closed from February 7-12 in observance of the Chinese New Year. .

More importantly, Power Integrations' proposed schedule for the preliminary injunction motion requires BCD to oppose Power Integrations' motion in just a few weeks with an incomplete and underdeveloped record. In contrast, Power Integrations has had more than seven

months to prepare and file its motion. This is particularly unfair because Power Integrations is intimately familiar with the prior case, and BCD is not, having just received some of the materials. It would be impossible for BCD's counsel to review those materials (and others that have not yet arrived, and may *never* arrive if Fairchild refuses to allow BCD's counsel to access its protected information), and take the depositions on the schedule that Power Integrations offered. Moreover, the two depositions Power Integrations offered are inadequate, since BCD needs to take fact depositions of at least the three inventors and perhaps other witnesses that may have information concerning Power Integrations' allegations.

Finally, several other matters directly relevant to the merits of Power Integrations' accusations are in a state of flux. To BCD's knowledge, the Court has not ruled on the post-trial motions from the Fairchild case. In addition, the '876 patent has been in reexamination for more than a year. Specifically, the Patent and Trademark Office ("PTO") has determined that there exists a substantial question concerning the patentability of the '876 patent, and, given the PTO's typical timeline for reexaminations, BCD expects an Office Action to issue shortly. BCD believes that Power Integrations' aggressive scheduling is an attempt to avoid those matters.

     **5.**    **Protective Order**.

The parties have agreed on the form of a proposed protective order, which Power Integrations has submitted herewith. BCD believes the entry of a protective order is premature because discovery should not commence before the motion to dismiss is resolved.

However, the parties agree that the protective order entered in this case should include a "claw back" provision to prevent the inadvertent disclosure of documents or other information subject to a claim of privilege, work-product protection, or confidentiality from being deemed a waiver or impairment of any claim of privilege or other protection

**6.    Discovery.**

(a)    **Written and Document Discovery Timing**

**Power Integrations' statement**: Power Integrations suggests that the exchange and completion of contention interrogatories, identification of fact witnesses, and document production shall be commenced so as to be completed by May 2, 2008.

**BCD's statement**: BCD believes that discovery should not commence before the Court decides BCD's motion to dismiss. Even if the Court does not dismiss this case, BCD believes it will need far more time for discovery than the greatly expedited pace Power Integrations proposes, especially since BCD's documents and witnesses are, for the most part, in China.[1] Therefore, BCD suggests a date for exchange and completion of contention interrogatories, identification of fact witnesses, and document production to be completed by February 27, 2009.

(b)    **Interrogatories:** Maximum of 35 interrogatories, including contention interrogatories, for each side.

(c)    **Requests for Admission:** Maximum of 50 requests for admission by each side.

(d)    **Depositions:** Each side can take eighty-four (84) hours of fact depositions, and, without leave of Court, each individual deponent shall not be deposed for more than seven hours, in accordance with the Federal Rules of Civil Procedure.

(e)    **Completion of Fact Discovery:** Power Integrations proposes that all fact discovery shall be completed by May 30, 2008. BCD suggests March 28, 2009, as more realistic and fair.

(f)    **Expert Reports and Discovery:** Power Integrations proposes that reports from retained experts required by Fed. R. Civ. P. 26(a)(2) be due from the party bearing the

---

[1]    BCD notes that in the California litigation that Power Integrations voluntarily dismissed, the parties agreed to a much more reasonable schedule, in which discovery did not close until nine months after the date of the initial case management conference. Power Integrations notes that the parties already exchanged initial disclosures during the California litigation and that BCD's document collection and discovery efforts should already have been well under way.

4

burden of proof by June 6, 2008, that rebuttal expert reports be due by June 27, 2008, and that expert discovery, including depositions of experts, be completed by July 11, 2008. BCD suggests that the date for initial reports be April 15, 2009, the date for rebuttal reports be May 15, 2009, and that expert discovery should be completed by June 5, 2009.

      **7.**    **E-discovery and Electronic Document Retention.**

      (a) The parties recognize that the burden of suspending normal policies regarding electronic backup systems for disaster recovery outweighs the potential relevance of documents that might only be captured by some interim backup on an unknown date. Therefore, the parties agree that they can continue to utilize their standard disaster recovery systems, and specifically agree that each party may continue to recycle backup tapes per their standard disaster recovery systems protocol; provided however, that each party shall retain throughout the litigation one set of backup tapes from its disaster recovery systems from a standard backup performed during the month of October 2007.

      (b) **Electronic File Searching**. The parties agree that each party may use reasonable keyword searching to identify electronic documents reasonably likely to have discoverable information regarding the subject matter of this lawsuit.

      (c) **Form of Production of Electronic Documents**. The parties anticipate producing most documents in an electronic format such as PDF or TIFF files – specifically a form that preserves the page breaks between documents or otherwise allows separate documents to be identified as such. The parties further agree that the electronically produced files do not need to be OCR'd prior to production. The parties also anticipate producing certain documents in their native format and will meet and confer regarding such production as necessary and appropriate.

8. **Non-Case Dispositive Motions**.

(a) Any non-dispositive motion, along with an Opening Brief, shall be filed with a notice of motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within 30 days of the filing of the motion and allow for briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at www.ded.uscourts.gov.

(b) At the hearing on the motion, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

(c) Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by e-mail at: jjf_civil@ded.uscourts.gov.

9. **Case Dispositive Motions**. Power Integrations proposes that any case dispositive motions be served and filed with an opening brief on or before July 25, 2008. BCD proposes that the deadline for such motions be June 26, 2009. Briefing shall be pursuant to D. Del. LR 7.1.2.

No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

10. **Service**. Power Integrations proposes that any document filed electronically with the Court and e-mailed to opposing counsel that same day shall be deemed to have been served personally for purposes of Federal Rule of Civil Procedure 5(b)(2)(A) such that no additional time will be added for responses to such documents under Federal Rule of Civil Procedure 6(d).

BCD believes that the three additional days for response provided by the Federal Rules for documents filed electronically should apply to this case.

11. **Markman**. A Markman hearing will be scheduled at the discretion of the Court. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing. Power Integrations believes that no Markman hearing will be necessary in this case in

light of this Court's prior construction of the terms of all three patents-in-suit during the Fairchild and Motorola litigations. BCD, having had no opportunity to participate in the prior litigations, respectfully requests a Markman hearing.

**12.    Applications by Motion**.

(a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in Patent Cases. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)    No facsimile transmissions will be accepted.

(c)    No telephone calls shall be made to Chambers.

(d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

**13.    Pretrial Conference and Trial**.

After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference. The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

Power Integrations proposes that the Court schedule trial for September 8, 2008. BCD asks, in light of the difficulties mentioned above, that trial not be set before August 2009.

| FISH & RICHARDSON P.C. | ASHBY & GEDDES |
|---|---|
| */s/ William J. Marsden, Jr.* | */s/ John G. Day* |
| William J. Marsden, Jr., (I.D. #2247)<br>Kyle Wagner Compton (#4693)<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br>Telephone: (302) 652-5070<br>marsden@fr.com<br><br>Attorneys for Plaintiff<br>POWER INTEGRATIONS, INC. | Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Lauren E. Maguire (I.D. #4261)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: 302-654-1888<br>sbalick@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>jday@ashby-geddes.com<br><br>Attorneys for Defendants<br>BCD SEMICONDUCTOR CORPORATION, a California corporation, SHANGHAI SIM-BCD SEMICONDUCTOR MANUFACTURING, CO., LTD, a China corporation |

| | |
|---|---|
| DATE | UNITED STATES DISTRICT JUDGE |