## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a | : |
| Delaware corporation, | : |
|       Plaintiff, | : |
| | : |
|       v. | :    C.A. No. 07-633-JJF-LPS |
| | : |
| BCD SEMICONDUCTOR | : |
| CORPORATION, a California corporation, | : |
| SHANGHAI SIM-BCD | : |
| SEMICONDUCTOR MANUFACTURING, | : |
| CO., LTD, a China corporation, | : |
|       Defendants. | : |

## **MEMORANDUM ORDER**

At Wilmington this **11th** day of **February, 2008**, having reviewed the parties' proposed

scheduling order (D.I. 21) and having heard argument from the parties regarding the same,

IT IS ORDERED that not later than February 15, 2008 the parties shall jointly submit a

Scheduling Order not inconsistent with the rulings below.


Motion to Dismiss

Defendants in this patent case have moved to dismiss on the grounds that personal

jurisdiction is lacking over them in this District. (D.I. 10) Plaintiff has answered the motion and

briefing is scheduled to be completed by February 19, 2008. (D.I. 31) Defendants request that,

until their motion to dismiss is resolved, everything else in this case (including briefing on

Plaintiff's motion for preliminary injunction and entry of a scheduling order) be stayed. Plaintiff

disagrees.

The Court will not stay proceedings pending resolution of the motion to dismiss. The

parties explained during the scheduling hearing on February 7, 2008 that essentially the identical

issues involved in this case are also involved in a declaratory judgment action filed by

Defendants against Plaintiff in the U.S. District Court for the Northern District of California.

Any efforts, including discovery, to be expended in this District during the pendency of the

motion to dismiss will, if this case is dismissed, be useful to the California action.

Accordingly, Defendants' reply brief in support of their motion to dismiss shall remain

due on or before February 19, 2008. The Court will resolve that motion at an appropriate time

thereafter.


Motion for Preliminary Injunction

Plaintiff has filed a motion for preliminary injunction, claiming it is being irreparably

harmed by Defendants' alleged infringement of at least one of the patents at issue in this case.

(D.I. 12) Plaintiff seeks a schedule whereby a hearing on its motion would occur by the end of

March, 2008. That is, Plaintiff requests a period of approximately 50 days in which: Defendants

will, after obtaining any necessary discovery, file their answering brief; Plaintiff will, after

obtaining any necessary discovery, file a reply brief; and the Court will hold a hearing.

Defendants argue that Plaintiff's proposed schedule is unrealistic and unfair. They seek,

instead, 90 days to file an answering brief, which would result in a hearing after a total of

approximately 120 days.

The Court has concluded that it is appropriate to expedite consideration of the motion for

preliminary injunction, but the circumstances do not warrant proceeding as quickly as Plaintiff

wishes. One reason for this conclusion is that Plaintiff waited more than three months from the

2

time it filed the complaint until the time it moved for a preliminary injunction. A longer period should also facilitate the parties' ability to work cooperatively to exchange and obtain the discovery both sides need in order to fully and fairly put the issues before the Court. As already noted, none of the discovery will be wasted effort; it will be necessary to preparation for trial here or in the California action. If, after working cooperatively and in good faith, any discovery disputes arise that require the Court's attention, the parties are to follow the procedure set forth below (which will be included as paragraph 8 of the Scheduling Order).

Therefore, the Court finds that an appropriate time period to reach a hearing on the preliminary injunction motion is approximately 85 days. The following schedule will govern:

| | |
|---|---|
| *Defendants' answering brief due:* | April 7, 2008 |
| *Plaintiff's reply brief due:* | April 28, 2008 |
| *Hearing on motion for preliminary injunction:* | May 5, 2008 at 10:00 a.m. |

(If the Court has not ruled on the motion to dismiss before the May 5 hearing, the Court will hear argument on that motion during the same hearing.)

Scheduling Order

Having reviewed the parties' Proposed Rule 16 Scheduling Order, the parties are directed to submit, for the Court to enter, a Scheduling Order containing the following dates and language (the paragraph numbers correspond to the numbers used in the parties' Proposed Order):

1.    **Pre-Discovery Disclosures**.  [Retain language from parties' proposal.]

2.    **Joinder of Other Parties**.  All motions to join other parties shall be filed on or before April 14, 2008.

3

3.     **Amendment of the Pleadings**. All motions to amend the pleadings shall be filed on or before April 28, 2008.

4.     **Preliminary Injunction**. [Use dates set out above.]

5.     **Protective Order**. The Court has entered the parties' proposed Protective Order.

6.     **Discovery**.

(a)     **Written and Document Discovery Timing**: Exchange and completion of contention interrogatories, identification of fact witnesses, and document production shall be commenced so as to be completed by September 30, 2008.

(b) through (d): [Retain language from parties' proposal.]

(e)     **Completion of Fact Discovery**: All fact discovery shall be completed by October 31, 2008.

(f)     **Expert Reports and Discovery**: Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party bearing the burden of proof by November 17, 2008; rebuttal expert reports are due by December 17, 2008; and expert discovery, including depositions of experts, must be completed by January 16, 2009.

7.     **E-discovery and Electronic Document Retention**. [Retain language from parties' proposal.]

8.     **Discovery Matters.** Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior

4

to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

9. **Case Dispositive Motions**. Any case dispositive motion shall be served and filed with an opening brief on or before February 27, 2009. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

10. **Service**. Fed. R. Civ. Proc. 6(e) applies and provides for three additional days for responding to documents filed electronically, whether or not e-mailed and/or hand-delivered as well. In no event, however, shall this provision alter specific response dates set forth elsewhere in this Scheduling Order (e.g., ¶¶ 4, 8).

11. **Markman**. A Markman hearing, if the Court deems it necessary, will be held on February 2, 2009. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

12. **Tutorial Describing the Technology and Matters in Issue**. The parties shall provide the Court by April 11, 2008, a tutorial on the technology at issue. In that regard, each party may submit a videotape/CD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.

5

If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed within ten (10) business days of submission of the videotapes/CDs. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

**13.    Interim Status Report and Status Conference.** On September 5, 2008, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. On September 12, 2008, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 10:00 a.m. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

**14.    Pretrial Conference and Trial.** On July 24, 2009, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. This matter is scheduled for trial beginning on September 8, 2009 and ending on September 16, 2009.

6

<u>Conclusion</u>

This case shall proceed in accordance with the schedule set forth above. The parties are to submit, no later than February 15, 2008, a Scheduling Order incorporating the dates and schedule-related language set forth in this Memorandum Order.

UNITED STATES MAGISTRATE JUDGE