IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>BCD SEMICONDUCTOR CORP.,<br>et al.<br>                Defendants. | Civil Action No. 07-633 JJF-LPS |

## [PROPOSED] RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f) and reviewed the Court's Memorandum Order of February 11, 2008 (D.I. 37),

IT IS SO ORDERED that:

1. **Pre-Discovery Disclosures**. To the extent they had not already done so, the parties exchanged the information required by Fed. R. Civ. P. 26(a)(1) on January 25, 2008.

2. **Joinder of Other Parties**. All motions to join other parties shall be filed on or before April 14, 2008.

3. **Amendment of the Pleadings**. All motions to amend the pleadings shall be filed on or before April 28, 2008.

4. **Preliminary Injunction.** Plaintiff Power Integrations, Inc. ("Power Integrations") filed a motion for preliminary injunction on January 25, 2008. Defendants' (collectively, "BCD") answering brief shall be filed on or before April 7, 2008. Power Integrations' reply brief shall be filed on or before April 28, 2008. The Court will hear argument on the motion on May 5, 2008 at 10:00 a.m.

5. **Motion to Dismiss:** BCD has moved to dismiss on the grounds that personal jurisdiction is lacking over them in this District. (D.I. 10.) Power Integrations has answered the motion, and briefing is scheduled to be completed by February 19, 2008. (D.I. 31.) If the Court

has not ruled on the motion to dismiss before the May 5 hearing, the Court will hear argument on that motion during the same hearing.

  6.  **Protective Order:** The Court has entered the parties' proposed Protective Order.

  7.  **Discovery.**

    (a)  **Written and Document Discovery Timing**: Exchange and completion of contention interrogatories, identification of fact witnesses, and document production shall be commenced so as to be completed by September 30, 2008.

    (b)  **Interrogatories**: Maximum of 35 interrogatories, including contention interrogatories, for each side.

    (c)  **Requests for Admission**: Maximum of 50 requests for admission by each side.

    (d)  **Depositions**: Each side can take eighty-four (84) hours of fact depositions, and, without leave of Court, each individual deponent shall not be deposed for more than seven hours, in accordance with the Federal Rules of Civil Procedure.

    (e)  **Completion of Fact Discovery**: All fact discovery shall be completed by October 31, 2008.

    (f)  **Expert Reports and Discovery**: Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party bearing the burden of proof by November 17, 2008; rebuttal expert reports are due by December 17, 2008; and expert discovery, including depositions of experts, must be completed by January 16, 2009.

  8.  **E-discovery and Electronic Document Retention.**

    (a) The parties recognize that the burden of suspending normal policies regarding electronic backup systems for disaster recovery outweighs the potential relevance of documents that might only be captured by some interim backup on an unknown date. Therefore, the parties agree that they can continue to utilize their standard disaster recovery systems, and specifically agree that each party may continue to recycle backup tapes per their standard disaster recovery systems protocol; provided however, that each party shall retain throughout the litigation one set

of backup tapes from its disaster recovery systems from a standard backup performed during the month of October 2007.

       (b) **Electronic File Searching**. The parties agree that each party may use reasonable keyword searching to identify electronic documents reasonably likely to have discoverable information regarding the subject matter of this lawsuit.

       (c) **Form of Production of Electronic Documents**. The parties anticipate producing most documents in an electronic format such as PDF or TIFF files – specifically a form that preserves the page breaks between documents and otherwise allows separate documents to be identified. The parties further agree that the electronically produced files do not need to be OCR'd prior to production. The parties also anticipate producing certain documents in their native format and will meet and confer regarding such production as necessary and appropriate.

    9.    **Discovery Matters**. Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

10.     **Case Dispositive Motions**.  Any case dispositive motion shall be served and filed with an opening brief on or before February 27, 2009.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

11.     **Service**.  Fed. R. Civ. Proc. 6(e) applies and provides for three additional days for responding to documents filed electronically, whether or not e-mailed and/or hand-delivered as well.  In no event, however, shall this provision alter specific response dates as set forth elsewhere in this Scheduling Order (e.g. ¶¶ 4, 8).

12.     **Markman**.  A Markman hearing, if the Court deems it necessary, will be held on February 2, 2009.  Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing.  The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

13.     **Tutorial Describing the Technology and Matters in Issue**.  The parties shall provide the Court by April 11, 2008, a tutorial on the technology at issue.  In that regard, each party may submit a videotape/CD of not more than 30 minutes.  The tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.  If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial.  Any such comment shall be filed within ten (10) business days of submission of the videotapes/CDs.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

14.     **Interim Status Report and Status Conference**.  On September 5, 2008, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  On September 12, 2008, the Court will hold a Rule 16(a), (b), and (c) conference by telephone with counsel beginning at 10:00 a.m.  Plaintiff's counsel shall

initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel, and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

15.     **Pretrial Conference and Trial**.  On July 24, 2009, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 10:00 a.m.  This matter is scheduled for trial beginning on September 8, 2009 and ending on September 16, 2009.

| FISH & RICHARDSON P.C. | ASHBY & GEDDES |
|---|---|
| */s/ William J. Marsden, Jr.* | */s/ Steven J. Balick* |
| William J. Marsden, Jr. (I.D. #2247)<br>Kyle Wagner Compton (#4693)<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE  19899-1114<br>Telephone: (302) 652-5070<br>marsden@fr.com<br><br>Attorneys for Plaintiff<br>POWER INTEGRATIONS, INC. | Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Lauren E. Maguire (I.D. #4261)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: 302-654-1888<br>sbalick@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>jday@ashby-geddes.com<br><br>Attorneys for Defendants<br>BCD SEMICONDUCTOR CORPORATION, a California corporation, SHANGHAI SIM-BCD SEMICONDUCTOR MANUFACTURING, CO., LTD, a China corporation |
| _____<br>DATE | _____<br>UNITED STATES DISTRICT JUDGE |