# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 26, 2008

The Honorable Leonard P. Stark
United States District Court
844 King Street
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re: *Power Integrations, Inc. v. BCD Semiconductor Corporation, et al.,*
C.A. No. 07-633-JJF/LPS

Dear Judge Stark:

On behalf of the defendants ("BCD"), we write in response to the March 25, 2008 letter in which plaintiff ("Power Integrations") complains about BCD's responses to its requests for discovery in the above action.

As an initial matter, we note that Power Integrations' tactical effort to portray BCD as an uncooperative litigant that simply has "refused" to provide discovery, and has "reneged" on its promises, is neither a fair characterization under the circumstances of this case nor consistent with the content and tone of the parties' discussions concerning discovery to date. Discovery is still in its early stages, but the discussions between the parties have been entirely civil, and while each party has had complaints about the other's discovery responses, we fully expect that the parties will continue to cooperate with each other and resolve most disputes without Court intervention. Indeed, although Power Integrations' letter is replete with sweeping statements that imply a complete breakdown in the progress of discovery, the parties actually have reached an impasse on only two specific issues – *i.e.*, whether BCD should have to provide discovery on the AP3706 chip, and the appropriate timing of responses to contention interrogatories.

Other than the foregoing two issues in dispute, to which we will turn momentarily, Power Integrations knows from the parties' discussions that BCD fully intends to respond to discovery and has represented that it will produce documents and provide revised interrogatory responses on April 1, which, under the circumstances, is a reasonable date. Our client is located in China and has no prior experience with the scope and pace of discovery in U.S. litigation. A significant number of its documents are in Chinese, substantially slowing the process of reviews for responsiveness, relevance, and privilege. This (as well as the miscommunication that resulted in our inability to supplement our interrogatory answers by the originally anticipated March 14th date) was explained to Power Integrations' counsel, and although disappointment in our proposed timeline was expressed, no one ever suggested that we were acting in the bad faith that Power Integrations now implies in its letter to the Court. Power Integrations first filed this case in California in June 2007. Just as discovery was commencing it unexpectedly dismissed its case in October 2007 and started from scratch by re-filing its claims in this Court. Surely its strategic

The Honorable Leonard P. Stark
March 26, 2008
Page 2

analysis in deciding to do so included the recognition that it would be adding considerable delay to the progress of its own case, and it is unreasonable, in BCD's view, for Power Integrations nonetheless to insist that BCD now do everything at a break-neck pace in order to help make up for the time that Power Integrations squandered. BCD is working in good faith and on a reasonable schedule to gather the information to which Power Integrations is entitled.

*Discovery on the AP3706 and AP3708 Chips*

Power Integrations' complaint about BCD's failure to produce schematics on the AP3706 or AP3708 chips is baseless because none of Power Integrations' discovery requests covers these two products. Power Integrations cites two requests, Nos. 5 and 53, both concerning "the Accused Products," which it defined as "products described by BCD as 'pulse width modulation' or 'PWM' controllers . . . that include any of what BCD refers to as a 'Frequency Dither,' 'Frequency Dithering,' or 'Vcc/Feedback Control' feature." *See* Exhibit G to Power Integrations' letter, Request Nos. 5 and 53 and Definition No. 8. The definition also specifically identifies only the AP3700, AP3700A, AP3700E, and AP3710 chips. *Id.* No evidence has been cited (nor are we aware of any) showing that the AP3706 chip or the AP3708 chip meets Power Integrations definition of "Accused Products."

But more fundamentally, this dispute reveals the basic problem with Power Integrations' case. So far, Power Integrations' allegations against BCD rely solely on the importation and sale by a third party, Samsung, of mobile-phone chargers that contain the AP3700 chip inside them. As far as BCD knows, no one, not even a third party, has sold any product in the United States containing an AP3710 chip. Since a handful of those chips have been sold in China, and more are going to be sold, BCD decided to compromise and produce information concerning those chips. In contrast, however, not a single AP3706 chip has been sold *anywhere in the world*. Power Integrations simply has no basis to make the AP3706 chip part of this case.

We have been unable on such short notice to obtain information regarding the AP3708 chip. Although some of Power Integrations' letters refer to the AP3708, we do not recall discussing that product in any detail during our prior conversations with Power Integrations' counsel, and we definitely did not do so in the past few days as part of our meet and confer process in connection with Thursday's teleconference. We will do our best to learn more about the AP3708 by the time of the teleconference.

*Contention Interrogatories*

There are a total of 61 claims in the three patents that were asserted in Power Integrations' original complaint. As of the time of the parties' meet and confer on Monday afternoon, March 24, Power Integrations still had not disclosed which claims it was asserting against BCD. BCD reasonably has resisted responding to contention discovery until Power Integrations identified the claims it would assert, since it was likely that Power Integrations

{00204435;v1}

The Honorable Leonard P. Stark
March 26, 2008
Page 3

would end up asserting only a small subset of the total universe of claims, and all of BCD's work on the non-asserted claims would have been a time-consuming and expensive waste of effort.

On Monday night, Power Integrations finally identified for the first time exactly what claims it was going to assert in this action. And, just as BCD had predicted, Power Integrations is asserting only a handful of the claims it originally asserted in this case. Specifically, in addition to the 11 claims it eliminated two weeks ago when it amended its complaint and abandoned one of the three patents originally in suit, on Monday night it abandoned all but 11 of the 50 claims in the two remaining patents – thus proving BCD's point.

Now that BCD knows what claims are involved, BCD has proposed to provide its contentions regarding the asserted claims on or before April 25, which would be about 30 days from the date when Power Integrations served its own contentions. Power Integrations has rejected this proposal. However, BCD's proposal is consistent with patent disclosure rules used both in this district and throughout the country, which consistently allow a defendant to defer its contentions until late in discovery or at least until some reasonable period of time *after* the patentee discloses its contentions. *See, e.g.,* the Honorable Sue L. Robinson's default Case Management Schedule for patent cases, at ¶ 2(b)(3) ("In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof."); N.D.Cal. Local Patent Rule 3.3 (invalidity contentions due 45 days after the patentee serves its "Disclosure of Asserted Claims and Infringement Contentions"); E.D.Tex. Local Patent Rule 3.3 (same); N.D.Ga. Local Patent Rule 4.4 (b) ("A defendant opposing a claim of patent infringement shall first make its Disclosure of Invalidity Contentions and its Response to Infringement within thirty (30) days after the plaintiff's Disclosure of Infringement Contentions"). Moreover, during the upcoming weeks, the parties are briefing and arguing a motion to dismiss and a preliminary injunction motion. Even meeting BCD's proposed schedule will tax BCD's resources.

In sum, BCD respectfully requests that Power Integrations' request for discovery into the AP3706 and AP3708 chips be denied, and the Court provide an orderly schedule for invalidity and non-infringement contention responses, making BCD's responses due on or before April 25, 2008.

Respectfully,

/s/ Steven J. Balick

Steven J. Balick

SJB/dmf

{00204435;v1}

The Honorable Leonard P. Stark
March 26, 2008
Page 4

c:  Kyle Wagner Compton, Esquire (by hand and via electronic mail)
    William J. Marsden, Jr., Esquire (via electronic mail)
    Frank E. Scherkenbach, Esquire (via electronic mail)
    Howard G. Pollack, Esquire (via electronic mail)
    Erik R. Puknys, Esquire (via electronic mail)

{00204435;v1}