IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-633 |
| | ) |
| BCD SEMICONDUCTOR | ) **REDACTED** |
| CORPORATION and SHANGHAI | ) **PUBLIC VERSION** |
| SIM-BCD SEMICONDUCTOR | ) |
| MANUFACTURING CO., LTD., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

*Of Counsel*:

E. Robert Yoches
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000

Robert L. Burns
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Erik R. Puknys
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, CA 94304
(650) 849-6600

Dated: March 28, 2008

ASHBY & GEDDES
Steven Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants
BCD Semiconductor
Corporation and Shanghai
SIM-BCD Semiconductor
Manufacturing, Co., Ltd.*

{00204898;v1}

# TABLE OF CONTENTS

I. The "Dual Jurisdiction" Theory in *Boone* and *Wright* Does Not Confer Jurisdiction Over Defendants SIM-BCD and BCD California ..................................................2

    A. Dual Jurisdiction Requires § 3104(c)(4) Activities, a Nexus Between Such Activities and the Claims of Infringement in Delaware, and an Intent and Purpose to Serve the Delaware Market with the Accused Product ........................2

    B. Defendants Have Not Engaged in the § 3104(c)(4) Activities that May Give Rise to General Jurisdiction ..................................................4

    C. There Is No Nexus Between the Infringing Acts Allegedly Occurring in this District and the Actions of Defendants or Their Distributor ..........................5

    D. Defendants' Actions Exhibit No Intent or Purpose to Serve the Delaware Market ..................................................6

II. Defendants' Actions Are Not Purposefully Directed Toward Delaware as Justice O'Connor Required in *Asahi* to Justify Extending Jurisdiction..........................7

III. PI Has Not Justified Any Additional Discovery on Jurisdiction ..........................9

IV. CONCLUSION ..................................................10

# TABLE OF AUTHORITIES

### Cases

*Asahi Metal Industries Co. v. Superior Court*, 480 U.S. 102 (1987) .................................. 1, 7, 8, 9

*Boone v. Oy Partek Ab*, 724 A.2d 1150 (Del. Super. Ct. 1997) .............................................. 1, 2, 3

*Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
   395 F.3d 1315 (Fed. Cir. 2005) ......................................................................................... 9

*ICT Pharmaceuticals, Inc. v. Boehringer Ingelheim Pharmaceuticals, Inc.*,
   147 F. Supp. 2d 268 (D. Del. 2001) ................................................................................. 4

*Intel Corp. v. Silicon Storage Technology, Inc.*, 20 F. Supp. 2d 690 (D. Del. 1998) .............. 2, 7, 8

*LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764 (Del. 1986) ................................................ 1, 2

*M&M Technologies, Inc. v. Gurtler Chemical Co.*, No. Civ.A. 03-994,
   2005 WL 293509 (D. Del. Feb. 8, 2005) .................................................................. 2, 5, 7, 9

*Mayhall v. Nempco, Inc.*, No. 91C-10-018, 1994 WL 465545 (Del. Super. Ct. July 29, 1994) .... 8

*Merck & Co. v. Barr Laboratories, Inc.*, 179 F. Supp. 2d 368 (D. Del. 2002) .............................. 5

*Siemens Aktiengesellschaft v. LG Semicon Co.*, 69 F. Supp. 2d 622 (D. Del. 1999) ............. 2, 5, 7

*Wright v. American Home Products Corp.*, 768 A.2d 518 (Del. Super Ct. 2000) ..................... 1, 3

This supplemental brief is being filed to address the three points raised in this Court's Order dated March 14, 2008:

> (1) Whether the theory of "dual jurisdiction" discussed in *LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764 (Del. 1986), and applied in *Boone v. Oy Partek Ab*, 724 A.2d 1150 (Del. Super. Ct. 1997) and *Wright v. American Home Products Corp.*, 768 A.2d 518 (Del. Super Ct. 2000), has applicability to this case;

> (2) Whether there is any evidence in the record of "act[s] of the defendant purposefully directed toward the forum state," as required by Justice O'Connor's test for satisfying federal due process in the Supreme Court's split decision in *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987); and

> (3) Whether Plaintiff's request for jurisdictional discovery should be granted as an alternative to denying the motion.

As explained in more detail below, BCD is not aware of any case applying the theory of "dual jurisdiction" under circumstances similar to those involved in this case. But whether or not the Court engages in a "dual jurisdiction" analysis, the result would be the same: There is no jurisdiction over the Defendants. Further, in its own supplemental brief, Power Integrations, Inc. ("PI") fails to identify any actual evidence that Defendants "purposefully directed" any activity towards Delaware. And, finally, to be entitled to jurisdictional discovery, PI must first make a *prima facie* case that evidence exists that would tend to support its jurisdictional arguments. PI has failed to do that.

Indeed, even after PI's supplemental brief is considered, the following facts are undisputed: (1) Defendants have no general contacts with Delaware; (2) Defendants have taken no part in distributing Samsung's battery chargers in Delaware; (3) Defendant SIM-BCD derives only a small fraction of its revenue from the distribution of battery chargers in Delaware; and (4) Defendant BCD California derives none. Exercising jurisdiction over Defendants in Delaware under these conditions conflicts with United States Supreme Court and Delaware Supreme Court

1

case law. Indeed, several decisions from this Court taking *LaNuova* in account[1] have found that there was no jurisdiction in Delaware based on facts analogous to the ones here.[2]

I. **The "Dual Jurisdiction" Theory in *Boone* and *Wright* Does Not Confer Jurisdiction Over Defendants SIM-BCD and BCD California**

   A. **Dual Jurisdiction Requires § 3104(c)(4) Activities, a Nexus Between Such Activities and the Claims of Infringement in Delaware, and an Intent and Purpose to Serve the Delaware Market with the Accused Product**

In *LaNuova*, the cause of action arose from a fire occurring at the Wilmington Merchandise Mart that was allegedly caused by faulty roofing material manufactured by an Italian defendant, LaNuova. 513 A.2d at 767. The Delaware Supreme Court found jurisdiction in that case because LaNuova engaged a distributor to sell its product in the Eastern United States, and the distributor sold LaNuova's products in Delaware. *Id.* at 767. Further, LaNuova's president signed warranties that were delivered "to two separate purchasers in Delaware." *Id.* Under these circumstances, the court found general jurisdiction under § 3104(c)(4). In dicta, the court also posited that "a tort claim could enjoy a dual jurisdictional basis under (c)(1) and (c)(4) if the indicia of activity set forth under (c)(4) were sufficiently extensive to reach the transactional level of (c)(1) and there was a nexus between the tort claim and the transaction of business or performance of work." *Id.*

*LaNuova*'s "dual jurisdiction" theory was adopted in *Boone*, which arose from "the plaintiffs' alleged exposure to asbestos in Delaware." 724 A.2d at 1153. In that case, the

---

[1] *See* discussion *infra*, citing *M&M Techs., Inc. v. Gurtler Chem. Co.*, No. Civ.A. 03-994, 2005 WL 293509 (D. Del. Feb. 8, 2005), *Siemens Aktiengesellschaft v. LG Semicon Co.*, 69 F. Supp. 2d 622 (D. Del. 1999), and *Intel Corp. v. Silicon Storage Technology, Inc.*, 20 F. Supp. 2d 690 (D. Del. 1998).

[2] The effect of dismissal merely means this case continues in California, where PI initially filed its action. *See* D.I. 11, Opening Br. in Supp. of Defs.' Mot. to Dismiss, at 4.

2

defendant hired a distributor and then, through that distributor, "shipped up to 50 tons per month of asbestos into [Delaware] over the course of ten years." *Id.* at 1158. Moreover, the defendant visited customers in Delaware twice to promote the accused product. *Id.* at 1155. The court found jurisdiction under the "dual jurisdiction" theory. *See id.* at 1158. In particular, the court analyzed the enumerated activities of § 3104(c)(4)—"regularly does or solicits business, engages in any persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State"—and concluded there was "an intent or purpose on the part of the manufacturer to serve the Delaware market with its product." *Id.* It found that "when a manufacturer has sufficient general contacts with Delaware and the plaintiffs' claims arise out of those contacts, jurisdiction is appropriate under § 3104(c)(1) and (c)(4)." *Id.* at 1157.

The "dual jurisdiction" theory was also adopted in *Wright*, another products-liability case, which involved a tort claim arising out of the defendants' licensing a drug to a US manufacturer and seller, who shipped and sold the drug to customers in Delaware. *Id.* at 528. Because the defendants had "a continuing involvement in the manufacture, distribution, regulation and use of the drugs they licensed the American entities," the court found jurisdiction under the "dual jurisdiction" theory. *Id.*

Thus, as applied by the Delaware courts, a plaintiff relying on the "dual jurisdiction" theory must show: (1) activities by the defendant that fall under § 3104(c)(4), (2) a nexus between the § 3104(c)(4) activities and the tort claim, and (3) that those activities demonstrate an intent and purpose to serve the Delaware market with the defendant's accused product. PI has failed to prove any of these elements.

3

### B. Defendants Have Not Engaged in the § 3104(c)(4) Activities that May Give Rise to General Jurisdiction

Dual jurisdiction does not lie because Defendants have no (c)(4) contacts with Delaware companies or consumers.[3]

**REDACTED**

In contrast, in the cases cited by the parties where jurisdiction was found based on a distributor's acts in Delaware (including in *LaNuova*, *Boone*, and *Wright*), the distributor involved had *direct* contacts with the defendant. *See ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 273-74 (D. Del. 2001) ("[I]n the absence of a direct contact between the nonresident defendant and the forum State, the courts have at least demanded a direct contact between the resident and nonresident defendants."). Defendants have no such contacts here.            **REDACTED**

PI's arguments based on BCD's website (D.I. 53, PI's Supplemental Br. in Opp. to Mot. to Dismiss ("PI Suppl. Br."), at 5) also fail. Defendants' website is passive, and not directed at

---

[3]

**REDACTED**

4

Delaware residents, so it cannot form the basis for jurisdiction. *See M&M Techs., Inc. v. Gurtler Chem. Co.*, No. Civ.A. 03-994, 2005 WL 293509, at *4 (D. Del. Feb. 8, 2005) ("[T]he mere existence of [defendant's] website does not rise to the level of regularly soliciting business in Delaware.").

Furthermore, Defendants do not derive substantial revenue from Samsung's sales in Delaware.

**REDACTED**

*See, e.g., Merck & Co. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 373 (D. Del. 2002) (finding that revenue comprising less than 0.13% of total revenue is not substantial); *Siemens Aktiengesellschaft v. LG Semicon Co.*, 69 F. Supp. 2d 622, 626-27 (D. Del. 1999) (finding $2,000,000 insufficient to establish jurisdiction where the defendant's only contact with Delaware was the presence of a third party's electronics device having the defendant's semiconductor chips); *M&M Techs.*, 2005 WL 293509, at *5 (construing "substantial revenue" to mean at least two to three percent of revenue).

C. **There Is No Nexus Between the Infringing Acts Allegedly Occurring in this District and the Actions of Defendants or Their Distributor**

In *Boone* and *Wright*, the Delaware court focused on the nexus between the activities of the foreign defendant that fell under § 3104(c)(4) and "the tort claim." *Wright*, 768 A.2d at 530; *Boone*, 724 A.2d at 1157. Since this case involves a claim of patent infringement, there are two was of looking at the "tort claim" here: (1) the tort of patent infringement, wherever in the United States it may occur; or (2) the infringement allegedly giving rise to jurisdiction in the

---

[4] **REDACTED**

5

forum. BCD is not aware of any case addressing this issue (indeed, BCD is aware of no case applying the theory of "dual jurisdiction" in a patent case or any other case where the cause of action involved anything other than a single tort). However, each of *LaNuova*, *Boone*, and *Wright* examined the "nexus" between the allegedly wrongful act *that occurred in the forum* and the other activities of the defendant *in the forum* falling within § 3104(c)(4). *See supra* pages 2-4. Thus, to the extent the Court intends to analyze jurisdiction under this theory, it should consider only the acts of alleged infringement that the plaintiff relies on to establish jurisdiction—the sale of Samsung battery chargers in Delaware.

PI lists activities (PI Suppl. Br. 5.) having no connection to the sales of Samsung chargers in Delaware.

## REDACTED

Without the required nexus, these activities have no bearing on the dual jurisdiction analysis.

### D.   Defendants' Actions Exhibit No Intent or Purpose to Serve the Delaware Market

PI argues that Defendants show an intent or purpose to serve the Delaware market by "employing the distribution channels of its customers to market its infringing products." (PI Suppl. Br. 7.) This is both factually inaccurate and legally immaterial. The "distribution channels" PI identifies are Samsung's distribution channels and cannot be attributed to BCD. *See supra* pages 5-6.

More importantly, SIM-BCD's participation in the alleged infringing acts consists of selling its product, in China, to a Korean distributor. Jurisdiction based on this act comports with

neither Delaware law nor the US constitution. *See Asahi*, 480 U.S. at 112; *Siemens*, 69 F. Supp. 2d at 624-27.

# REDACTED

Cases having analogous facts found no jurisdiction.

In *Siemens*, the Court found no jurisdiction over a defendant semiconductor manufacturer who sold chips to manufacturers that used the chips as subcomponents in their end products distributed and sold in Delaware. 69 F. Supp. 2d at 623. With identical facts, the Court in *Intel Corp. v. Silicon Storage Technology, Inc.*, 20 F. Supp. 2d 690 (D. Del. 1998), also found no jurisdiction over a defendant who sold memory chips to computer manufacturers that used the chips as subcomponents in their own products distributed and sold in Delaware. *Id.* at 692. In *M&M Technologies*, the Court did not exercise jurisdiction over a defendant manufacturer who sold a chemical to a company that used defendant's chemical in its own product, which was then distributed and sold in Delaware. 2005 WL 293509, at *1.

## II. Defendants' Actions Are Not Purposefully Directed Toward Delaware as Justice O'Connor Required in *Asahi* to Justify Extending Jurisdiction

PI offers no evidence to support a finding of personal jurisdiction under Justice O'Connor's due process standard. For example, PI argues that "BCD employs a distributor and a sales agent and thus has its own established distribution channels, and it also uses the distribution channels of its customers to market its infringing products in and throughout the United States, with no state excluded." (PI Suppl. Br. 8.)    **REDACTED**

7

**REDACTED**

Additionally, Samsung's distribution channels cannot be attributed to Defendants. *See supra* pages 5-6. Indeed, if a foreign customer's sales in the forum are enough for jurisdiction over a foreign manufacturer, Justice O'Connor's standard, which requires something more than simply putting a product into "the stream of commerce," would become a nullity.

Thus, PI is reduced to essentially dismissing the O'Connor standard as a minority view. (PI Suppl. Br. 8 n.6.) But the Delaware courts do not disregard Justice O'Connor's views so easily. *See Boone*, 768 A.2d at 1159 n.4 ("It is important to note that an intent or purpose to serve the forum market or 'additional conduct' requirement represents a more restrictive view of minimum contacts in a stream of commerce analysis. This view was offered by Justice O'Connor ... in a plurality opinion and had been adopted in this State in *Mayhall v. Nempco, Inc.*, [No. 91C-10-018, 1994 WL 465545, at *5 (Del. Super. Ct. July 29, 1994)].")

PI's remaining allegations are mere conjecture. PI's speculation that Defendants "likely engaged in" certain activities deserves no weight.

**REDACTED**

Moreover, BCD's recent activities in support of its IPO (PI Supp. Br. at 7), are irrelevant for three reasons. First, those activities do not show any intent or purpose to serve the Delaware market with the accused products. *Asahi*, 480 U.S. at 112. Second, they occurred *after* PI filed its complaint. *See Intel Corp.*, 20 F. Supp. 2d at 697. And third, BCD employees made no trips to Delaware during its IPO activities. (Supplemental Decl. of Tung-Yi Chan ("Suppl. T. Chan Decl.") ¶ 2 (attached as Ex. 1).)

Nor does PI point to any of the activities Justice O'Connor offered as examples—designing the accused products for Delaware, advertising in Delaware, regularly providing

advice to Delaware customers, or marketing the accused product in Delaware. *Id.* Again, PI relies on "suggestions," but no facts. (PI Suppl. Br. 9.)

**REDACTED**

PI argues SIM-BCD's website targets Delaware (PI Suppl. Br. 7 n.4), but merely having a website does not constitute an act directed toward Delaware. *See M&M Techs.*, 2005 WL 293509, at *4. Also, there is no evidence any Delaware resident received "advice" from the website.

**REDACTED**

### III.  PI Has Not Justified Any Additional Discovery on Jurisdiction

A plaintiff's request for jurisdictional discovery requires "factual allegations [that] suggest the possible existence of requisite contacts between the defendant and the forum state with 'reasonable particularity.'" *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005). PI has identified no such allegations, and should not receive additional discovery on this issue.

PI does not rebut or seek to rebut Defendants' declarations, which establish Defendants have engaged in none of the required (c)(4) activities required for general or dual jurisdiction, as explained above. Nor has PI even asked to depose the declarants despite ample time to do so. Also, PI's factual allegations involve activities with no connection to the alleged infringement occurring in Delaware. Finally, attempting to show an intent and purpose to serve the Delaware market is futile when the other requirements for jurisdiction have not been met.

Additionally, PI's requested discovery would not lead to information showing acts purposefully directed toward Delaware. First, PI asks for agreements with distributors regarding territories. **REDACTED**

9

**REDACTED** PI cannot explain how any agreement with Future would show a purposeful act directed toward Delaware, particularly where there is no evidence that BCD products have been sold or shipped into Delaware through Future Electronics.

The remaining topics PI offers for potential discovery (PI Suppl. Br. at 10) are also directed to the US market generally, not Delaware, and thus would not show actions purposefully directed toward Delaware. For instance, PI also asks for communications related to "state regulatory standards," but gives no guidance on what, if any, Delaware regulations exist related to cell-phone chargers. "Analyzing the U.S. market" is not an act directed toward Delaware, nor is soliciting sales to U.S. companies outside Delaware. PI requests documents "related to making Defendants' website accessible to users in the U.S." PI is well aware that SIM-BCD's passive website connects to the Internet, and users in the United States, and for that matter anywhere in the world, have access. Finally, PI seeks information about BCD's efforts to raise capital, which for the reasons stated above, are irrelevant to the jurisdictional question.

## IV. CONCLUSION

For the reasons given above, Defendants SIM-BCD and BCD California respectfully request the Court to grant their motion to dismiss.

*Of Counsel*:

E. Robert Yoches
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000

Robert L. Burns
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Erik R. Puknys
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, CA 94304
(650) 849-6600

Dated: March 28, 2008

ASHBY & GEDDES

*/s/ Lauren E. Maguire*
_____
Steven Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants
BCD Semiconductor
Corporation and Shanghai
SIM-BCD Semiconductor
Manufacturing, Co., Ltd.*

11

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-633-JJF |
| | ) |
| BCD SEMICONDUCTOR | ) |
| CORPORATION and SHANGHAI | ) |
| SIM-BCD SEMICONDUCTOR | ) |
| MANUFACTURING CO., LTD., | ) |
| | ) |
| Defendants. | ) |

**SUPPLEMENTAL DECLARATION OF TUNG-YI CHAN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I, Tung-Yi Chan, hereby declare and state that:

1. I am the Chief Executive Officer of BCD Semiconductor Manufacturing Limited ("BCD"). I make this declaration based on personal knowledge and my review of the records of BCD Semiconductor Corporation ("BCD California") and Shanghai SIM-BCD Semiconductor Manufacturing Co. Ltd. ("SIM-BCD"). I am a resident of Shanghai, China. I have been employed by BCD since November 2005.

2. Beginning January 28, 2008, I participated in a BCD Semiconductor Roadshow for BCD's then planned IPO. On February 11, 2008, as part of the Roadshow, BCD's itinerary included visits to investors in Philadelphia, Wilmington, and Baltimore. Prior to that date, BCD's IPO was canceled, along with the visits scheduled for February 11, 2008. Consequently, I did not enter Delaware on February 11, 2008. Nor am I aware of any representative of SIM-BCD or BCD California that has traveled to Delaware.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 28th day of March 2008, at Shanghai, China.

*Tung-J Chan*

———————————————————
Tung-Yi Chan
Chief Executive Officer
BCD Semiconductor Manufacturing Limited

2