IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

                    Plaintiff,                    C.A. No. 07-633-JJF

v.

BCD SEMICONDUCTOR                        **REDACTED**
CORPORATION, et al.,

                    Defendants.

## POWER INTEGRATIONS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607
Email:  marsden@fr.com
Email:  kcompton@fr.com

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Michael R. Headley
Jonathan Q. Lamberson
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

DATED:  May 12, 2008

**TABLE OF CONTENTS**

I.    INTRODUCTION ...........................................................................................................1

II.   ARGUMENT.................................................................................................................1

    A.    BCD Has Not Presented Any Real Challenge to PI's Showing of Harm. ..........................................................................................................2

    B.    BCD's Arguments Regarding the Operation of Certain Accused Products and Silence With Regard to Others Demonstrates BCD's Infringement....................................................................................3

        1.    BCD's argument regarding the "control input" term is legally incorrect and does not raise a substantial defense to infringement..........................................................................3

        2.    BCD's argument is incorrect and irrelevant. ....................................6

    C.    BCD Has Not Provided a Substantial Challenge to the Validity of Claim 1. ........................................................................................10

        1.    BCD's anticipation arguments based on Habetler, Wang, and Martin have already been rejected and should similarly be rejected here. ..........................................................11

        2.    BCD's cursory suggestion that the '876 patent is obvious similarly fails to present a substantial challenge to validity. ...........................................................................13

        3.    Dr. Habetler's arguments regarding alleged claim construction disputes bearing on validity are unsupported and do not raise a substantial question regarding the validity of the '876 patent....................................14

    D.    The Court Should Stop BCD's Continued Infringement and the Escalating Harm to Power Integrations. ................................................15

        1.    BCD's continued efforts to sell the accused devices are expanding the harm to Power Integrations. ................................15

        2.    The timing of Power Integrations' motion provides no basis for denying an injunction. ................................................15

        3.    BCD's arguments regarding jurisdiction and territoriality are misplaced. ........................................................16

III.  CONCLUSION.............................................................................................................20

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Crystal Semiconductor Corp v. TriTech Microelectronics International, Inc.*,
    246 F.3d 1336 (Fed. Cir. 2001)...................................................................17

*DSU Medical Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006)...................................................................18

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*,
    469 F.3d 1005 (Fed. Cir. 2006).....................................................................4

*High Tech Medical Instrumentation, Inc. v. New Image Industrial, Inc.*,
    49 F.3d 1551 (Fed. Cir. 1995) ....................................................................16

*Hybritech Inc. v. Abbott Laboratories*,
    849 F.2d 1446 (Fed. Cir. 1988)...................................................................16

*nCube Corp. v. Seachange International, Inc.*,
    436 F.3d 1317 (Fed. Cir. 2006)...................................................................17

*Rexnord Corp. v. Laitram Corp.*,
    274 F.3d 1336 (Fed. Cir. 2001).....................................................................5

*Windsurfing International, Inc. v. AMF, Inc.*,
    782 F.2d 995 (Fed. Cir. 1986).....................................................................20

*Wing Shing Products (BVI), Ltd. v. Simatelex Manufactory Co., Ltd.*,
    479 F. Supp. 2d 388 (S.D.N.Y. 2007).........................................................17

**STATUTES**

35 U.S.C. § 112.............................................................................................5

35 U.S.C. § 271(a) (1994).............................................................................18

35 U.S.C. § 271(b) .......................................................................................17

# REDACTED

## I.     INTRODUCTION

BCD's arguments in opposition to Power Integrations' Motion for Preliminary Injunction

[D.I. 61] are vague, inconsistent, and in many cases have already been rejected by the Jury

during the Fairchild case.  As such, BCD cannot overcome Power Integrations' showing that it

has a strong likelihood of success on the merits.  As to the remaining injunction factors, BCD

does not dispute that                                              or that it has continued to

inflict irreparable harm on Power Integrations – in fact, BCD did not engage on this point at all

in its 30+ page brief.  Instead, BCD offered up a number of arguments more properly related to

jurisdictional issues and the unsupportable proposition that

                                        BCD should be allowed to continue its infringement.

BCD cannot overcome the compelling evidence that it is infringing Claim 1 of the '876 patent,

the presumption (supported by the jury verdict in the Fairchild case) that the claim is valid, and

the evidence that BCD's infringement is causing irreparable harm to Power Integrations.  The

Court should enter a preliminary injunction.

## II.     ARGUMENT

BCD's opposition to Power Integrations' Motion for Preliminary Injunction is striking

for its avoidance of the merits.  BCD's brief and its expert's declaration[1] lack necessary detail

and provide only unsupportable, conclusory statements or misdirection.  Perhaps most notable

---

[1]   With all due respect, Dr. Habetler is not the right person to serve as an expert in this case.  Dr.
Habetler has no real experience with the subject matter of the '876 patent;

                                                                                    Even
putting aside Dr. Habetler's credentials, though, his opinions are legally incorrect and
internally inconsistent, and they cannot raise a substantial question regarding the validity or
infringement of Power Integrations' '876 patent.

# REDACTED

among these deficiencies is BCD's apparent reliance on claim constructions that differ from the Court's constructions in the prior case, yet remain unstated by BCD. The best example is the term "coupled": BCD openly says it disagrees with the Court's construction yet offers no explanation of how it believes this claim term should be construed, or how it is interpreting the term in its present analysis. [D.I. 61 at 24 n. 10.] Given the myriad deficiencies in BCD's opposition and the strong showing in Power Integrations' moving papers, the Court should enter an injunction to prevent BCD's further infringement.

### A.    BCD Has Not Presented Any Real Challenge to PI's Showing of Harm.

BCD did not respond to the charge that

Nor did BCD address the harm set forth in the Declaration of Bruce Renouard, Power Integrations' Vice President of Sales. That undisputed evidence shows

These factors are vitally important to Power Integrations' business, and many are not compensable by money. The evidence unearthed to date also shows that

Power Integrations will continue to be irreparably harmed if the Court does not put an end to BCD's infringement.

BCD's main "defense" on the issue of the harm to Power Integrations seems to be that,

The Court should grant an injunction to break this cycle, not deny the injunction so BCD can benefit from it. BCD's suggestion that money damages are adequate to compensate Power Integrations ignores this market reality, and similarly ignores the rest of the undisputed non-monetary harm BCD is inflicting on Power Integrations. BCD's silence on these points speaks volumes.

**B.  BCD's Arguments Regarding the Operation of Certain Accused Products and Silence With Regard to Others Demonstrates BCD's Infringement.**

BCD's arguments with respect to infringement are mostly misdirection, and are flatly inconsistent with BCD's invalidity position. The Court should reject BCD's efforts to twist the meaning of the claim in ways irreconcilable with the patent disclosure, as well as its attempt to create confusion by distorting the prior art and Mr. Blauschild's prior statements about that art.

**1.  BCD's argument regarding the "control input" term is legally incorrect and does not raise a substantial defense to infringement.**

BCD spends a great deal of time addressing the "control input" limitation, but its arguments on this point are flawed and do not raise a substantial question regarding infringement.[2] BCD first suggests that the term "control input" is a means-plus-function element, but that assertion is contrary to the law. First, the term does not employ any "means" language, and the presumption in patent cases is that elements without "means" language are not

---

[2]    While of course not dispositive, it is of at least some relevance that even Fairchild, who has warred with Power Integrations over the '876 patent for years, never contended that the "control input" limitation was means-plus-function.

3

## REDACTED

to be construed as means-plus-function. *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 469 F.3d 1005, 1023 (Fed. Cir. 2006). BCD's case law makes this point clear, noting "the use of the term "means" has come to be so closely associated with "means-plus-function" claiming that it is fair to say that the use of the term "means" (particularly as used in the phrase "means for") generally invokes section 112(6) and that the use of a different formulation generally does not." *See Greenberg v. Ethicon Endo-Surgery, Inc.*, 91 F.3d 1580, 1583-84 (Fed. Cir. 1996).

Moreover, a person of ordinary skill in the art would be able to recognize that, *in the context of the '876 patent*, the "control input" of the claimed oscillator has an understandable structure. [Supplemental Declaration of Robert Blauschild ("Blauschild Suppl. Decl.") at ¶ 6.] The patent also shows that the control input would be understood to include an input that received a varying signal, and includes the use of a varying current (e.g., Figure 1, Claim 21) or a varying voltage (e.g., Col. 2:42-61, Col. 3:10-13, Claim 17). To make his contrary argument, Dr. Habetler

                                                                              does not consider

whether the patent specification squares with his conclusion about the structure of the "control input." [D.I. 62 (Habetler Decl.) at ¶ 24; Ex. P[3] at 21:12-22:10.]

Moreover, even if BCD were to overcome the presumption that the "control input" element is not means-plus-function – and it cannot – BCD would still lack a non-infringement argument. Under the proper legal analysis, the disclosure of the entire patent must be examined,

---

[3]    All exhibit citations refer to the accompanying Supplemental Declaration of Kyle Wagner Compton unless noted otherwise.

REDACTED IN ITS ENTIRETY

**REDACTED**

    2.      **BCD's argument**
                 **is incorrect and irrelevant.**

BCD's expert admits

These admissions are completely consistent with Mr. Blauschild's analysis of the circuit and compel the conclusion that, under the Court's construction of the claim, BCD's circuit literally infringes.  Because the recited structures are literally present and coupled together as set forth in the claim, the Court should find that Power Integrations is likely to succeed on the merits of its infringement claim.

---

5

       in the prior Fairchild litigation Fairchild's expert, Dr. Paul Horowitz, asserted there was a "code conversion block" in the accused Fairchild circuit that "decoupled" the counter from the DAC like the prior art ROM in Martin.  *See* Ex. Q (Trial Tr. 10/5/2006) at 1050:6-1064:10.                                              , the jury rejected the fiction when Fairchild tried it the first time,

# REDACTED

As a preliminary matter, Power Integrations notes that BCD failed to address the accused AP3710 device in its opposition.  Power Integrations' expert has reviewed the schematics for the AP3710, though, and

, there is no question that the AP3710 also infringes Claim 1 of the '876 patent.  [Blauschild Suppl. Decl. ¶¶ 10-12, 20.]

//

//

//

//

REDACTED IN ITS ENTIRETY

REDACTED IN ITS ENTIRETY

**REDACTED**

BCD's digital frequency jittering

circuits infringe claim 1 of the '876 patent.

      **C.**      **BCD Has Not Provided a Substantial Challenge to the Validity of Claim 1.**

      BCD's opposition notes that it must set forth a "substantial" challenge to the validity of

the patent to defeat Power Integrations' motion for preliminary injunction [D.I. 61 at 22], yet

BCD's brief does little more than re-hash arguments rejected during Power Integrations'

litigation with Fairchild.  Arguments rejected by the Jury in the Fairchild case or abandoned by

# REDACTED

Fairchild's own expert in view of the Court's claim construction order cannot establish a substantial challenge to validity by being recycled here.[8]

>     1.    **BCD's anticipation arguments based on Habetler, Wang, and Martin have already been rejected and should similarly be rejected here.**

BCD and its expert argue that three references anticipate Claim 1 of the '876 patent – Martin, Wang, and Habetler – but these arguments were rejected in the Fairchild case. Indeed Fairchild's expert originally asserted that the same three prior art references allegedly anticipated the claim, but he abandoned this position following the Court's claim construction order, because it was inconsistent with the Court's constructions. [Ex. U at 828:22-829:5, 835:9-837:24, 840:1-19.] Fairchild's alternate argument, not pressed by BCD here, was that it allegedly would have been obvious to remove the ROM; but that argument too was rejected by the Jury, which is perhaps why BCD has not repeated it here. In other words, neither defendant likes the other one's argument. Given the high hurdle BCD faces in showing a substantial question on validity, particularly in view of the Fairchild litigation, these conflicting views on how even to attack the validity of the claim strongly suggest BCD cannot meet its burden.

Nevertheless,

As explained in the Fairchild case, this prior art does not anticipate the claim because the intervening ROM insures that the counter is no longer "coupled" to the DAC so as to control the frequency, in accordance with the Court's construction. It is instead the ROM, not the counter, that determines the frequency – that is its purpose. [Ex. V at 1068:17-1071:1.]

---

[8]  BCD also points to the pending reexamination of the '876 patent, but Fairchild's reexamination request for the '876 patent relied on the same art rejected in litigation, and there is no reason to believe Fairchild will ultimately have any more success in the PTO.

REDACTED IN ITS ENTIRETY

As such, the Court should reject BCD's anticipation challenge.

### 2. BCD's cursory suggestion that the '876 patent is obvious similarly fails to present a substantial challenge to validity.

BCD also suggests that Claim 1 of the '876 patent is invalid as obvious in a single, four-sentence paragraph with no analysis. [D.I. 61 at 24.]

None of these cursory statements ever explains why Claim 1 would have been obvious to one of ordinary skill in the art at the time of

---

[11] Dr. Habetler also cites generally to a number of references dealing with "spread-spectrum" techniques, *see* D.I. 62 at ¶¶ 20-22 and Exs. 17-25, but he does not provide any opinion that any of these references invalidates the '876 patent. The Court should disregard this general, unexplained art in its evaluation, particularly given that the '876 patent explicitly cited (and was allowed over) Power Integrations' '851 patent (with which BCD would presumably combine these references) as well as two other spread spectrum references. *See* Blauschild Suppl. Decl. ¶ 18. Dr. Habetler admitted

# REDACTED

the invention,[12] nor do they address the significant secondary indicia of non-obviousness with respect to Power Integrations' patents, as detailed at length during the recent trial with Fairchild, in which the Jury rejected much more detailed challenges to the patent.[13]  [Ex. V at 1042:8-1046:13, 1071:2-11.]  Given the cursory nature of BCD's statements on this point, BCD's suggestion that a hodge-podge of general art in various electronics disciplines would have rendered the claimed invention obvious does not raise a substantial challenge to the patent.

> **3.    Dr. Habetler's arguments regarding alleged claim construction disputes bearing on validity are unsupported and do not raise a substantial question regarding the validity of the '876 patent.**

BCD also suggests that there are claim construction disputes in the context of its validity arguments that preclude the issuance of a preliminary injunction [D.I. 61 at 24], but BCD has not proposed any constructions to permit the parties or the Court to identify or resolve these alleged disputes.  Thus, the Court should disregard them for purposes of the preliminary injunction.  For example, BCD states in a footnote that it disagrees with the Court's construction of the terms "jittering" and "coupled" [D.I. 61 at 24, n.10], but neither BCD nor its expert have proposed any different constructions of the terms.  BCD similarly suggests that the Court needs to construe the terms "counter" and "digital-to-analog converter" to resolve the question of the patent's validity, but again BCD offers no insight into why these standard electronics terms might need to be construed, or how.  BCD's expert even admits

In

---

[12] :

[13] BCD's attorneys were present at the validity trial in which Mr. Blauschild and Power Integrations presented detailed evidence of second considerations of non-obviousness, so there is no excuse for BCD's lack of engagement on this issue.

**REDACTED**

view of BCD's failure to engage on this issue or to propose actual constructions and legal

support for them from the intrinsic evidence, its arguments cannot defeat the strong likelihood of

success shown in Power Integrations' opening brief.

> **D.      The Court Should Stop BCD's Continued Infringement and the Escalating Harm to Power Integrations.**

BCD never identifies any problem with the language of the injunction Power Integrations

has requested.  Courts (including this one) routinely enter injunctions like the one proposed by

Power Integrations.  BCD's speculation as to Power Integrations' motives is beside the point,

especially since BCD concedes

> **1.      BCD's continued efforts to sell the accused devices are expanding the harm to Power Integrations.**

As noted above, BCD does not seriously dispute

As such, the Court should enter the

injunction as requested in Power Integrations' moving papers.

> **2.      The timing of Power Integrations' motion provides no basis for denying an injunction.**

BCD also complains about the timing of Power Integrations' motion, but the timing "is

but one factor to be considered," and even if the Court were to find that Power Integrations

delayed in briefing this case (which it should not), "a showing of delay does not preclude, *as a*

*matter of law*, a determination of irreparable harm." *Hybritech Inc. v. Abbott Laboratories*, 849

F.2d 1446, 1457 (Fed. Cir. 1988) (emphasis in original) (affirming a preliminary injunction and

noting that the patentee's delay in seeking a preliminary injunction while it litigated the same

patents against another infringer did not preclude a finding of irreparable harm). In this case,

Power Integrations filed for a preliminary injunction on January 25, 2008, less than 10 days after

the completion of post-trial briefing in the Fairchild case.[14] The trial of Fairchild's validity

defenses on the patents-in-suit also just concluded this past Fall. If Power Integrations had

brought the motion earlier, BCD would no doubt have complained about the unfinished trial and

post-trial briefing. Moreover, BCD delayed Power Integrations' ability to move these

proceedings forward at the end of last year and early this year when it refused to permit Power

Integrations' expert to review the schematics for its accused devices, requiring Power

Integrations to commission a third-party to reverse engineer these schematics. Because Power

Integrations brought this case and the instant motion for preliminary injunction as soon as it

could practically do so given the ongoing dispute with Fairchild, the Court should find the timing

of this motion does not preclude the issuance of a preliminary injunction.

### 3. BCD's arguments regarding jurisdiction and territoriality are misplaced.

BCD's focus on jurisdiction-related issues, including arguments about "sovereignty", is

misplaced—the commercial repercussions of a proper U.S. injunction do not make that

injunction impermissibly broad or beyond the power of the Court to grant. Given that BCD now

---

[14] The timing here lies is in sharp contrast to the facts of the case BCD cites, *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551 (Fed. Cir. 1995). In *High Tech*, the Federal Circuit confirmed that a 17 month delay by itself was not enough to deny the entry of a preliminary injunction but ultimately denied the injunction because the patentee did not practice the invention, was willing to license, and pointed to no evidence of irreparable injury beyond the presumption of harm. *Id.* at 1556-57. The facts of *High Tech* lie in marked contrast to this case, where Power Integrations practices its inventions, does not license its patents, and has presented undisputed evidence of non-monetary, irreparable harm.

# REDACTED

admits

], there should be no real dispute that an

injunction is appropriate.[15]  BCD's real complaint goes to the scope of its infringement, as BCD

argues

Putting aside the parties' dispute regarding the locus and genesis of BCD's sales for the

time being, BCD is simply wrong when it suggests

In addition to its claim for direct infringement,

Power Integrations has raised a claim under 35 U.S.C. § 271(b), which requires a showing of (1)

direct infringement in the United States and (2) inducement, which can take place anywhere in

the world.  *See generally nCube Corp. v. Seachange Intern., Inc.*, 436 F.3d 1317 (Fed. Cir. 2006)

(affirming finding of indirect infringement); *Crystal Semiconductor Corp v. TriTech*

*Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1351 (Fed. Cir. 2001); *Wing Shing Prods. (BVI), Ltd.*

*v. Simatelex Manufactory Co., Ltd.*, 479 F. Supp. 2d 388, 407-411 (S.D.N.Y. 2007) ("[T]he

Court has located no authority which limits the application of § 271(b) to acts of inducement

occurring in the United States.  On the other hand, numerous courts have held that, in contrast to

---

15

## REDACTED

§§ 271(a) and (c), § 271(b) applies to exclusively extraterritorial conduct."). When the Federal

Circuit addressed this issue in *Crystal Semiconductor Corp.*, it noted:

> Tritech did not practice the claimed '899 method in the United States. TriTech,
> therefore, cannot be liable for direct infringement under 35 U.S.C. § 271(a)
> (1994). TriTech's acts in connection with selling its chip to OPTi, however,
> constitute active inducement under 35 U.S.C. § 271(b).

*Id.* at 1351. In *Crystal Semiconductor*, TriTech was a company with facilities in Singapore and

California (similar to BCD having facilities in Taiwan and California). *Id.* at 1344. TriTech

manufactured the infringing chips in Singapore and began to ship the chips worldwide, but

apparently not directly into the U.S. market. *Id.* Instead, TriTech sold some of the infringing

chips to an intermediary (OPTi), which then sold the chips into the U.S. *Id.* The Federal Circuit

found this activity satisfied the standard for inducement.[16] *Id.* at 1351, 1361.

The *Wing Shing* court similarly noted that the Federal Circuit's recent *en banc* opinion in

*DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293 (Fed. Cir. 2006),

> quoted a jury charge that provided: "Unlike direct infringement, which must take
> place within the United States, induced infringement does not require any activity
> by the indirect infringer in this country, as long as the direct infringement occurs
> here." While the en banc panel did not expressly approve of this statement, it
> seems unlikely that the court would have quoted it without qualification had there
> been a serious question as to the extraterritorial reach of § 271(b).

479 F. Supp. 2d at 410 (quoting *DSU Med. Corp.*, 471 F.3d at 1305). As such, there is no

question that activity such as BCD's

, properly subjects BCD to liability for patent infringement in the U.S.

---

16

# REDACTED

In fact, the evidence Power Integrations has already unearthed during the initial discovery period shows :

This evidence, all of which BCD has ignored in arguing against the issuance of an injunction, undermines BCD's suggestion that Power Integrations is targeting exclusively extraterritorial activity, or that the Court does not have power to enter the injunction.

# REDACTED

If, on the other hand,




*See*

*Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986) ("One who elects

to build a business on a product found to infringe cannot be heard to complain if an injunction

against continuing infringement destroys the business so elected.").


As such, the balance of the hardships

tips in favor of Power Integrations, and the Court should issue an injunction to prevent BCD

from harming Power Integrations any further with its infringement.[17]

## III.    CONCLUSION

This Court should enjoin BCD from infringing Claim 1 of the '876 patent by making,

using, offering to sell, or selling in the United States, or importing into the United States,

infringing devices, including specifically the AP3700 and its variants, the AP3710, and any other

substantially identical products and/or power supplies containing the same, and from inducing or

contributing to such infringement by others.

---

[17] BCD's silence as to the public interest factor in the face of Power Integrations' showing that the entry of an injunction is in the public interest, *see* D.I. 13 at 16-17, confirms that this factor weighs in favor of protecting the intellectual property rights of innovative Delaware corporations like Power Integrations by entering injunctions in cases like this one.

Dated:  May 12, 2008                FISH & RICHARDSON P.C.


By:   */s/ Kyle Wagner Compton*
      William J. Marsden, Jr. (#2247)
      Kyle Wagner Compton (#4693)
      919 N. Market Street, Suite 1100
      P.O. Box 1114
      Wilmington, DE  19801
      Telephone: (302) 652-5070
      Facsimile:  (302) 652-0607
      Email:  marsden@fr.com
      Email:  kcompton@fr.com

      Frank E. Scherkenbach
      225 Franklin Street
      Boston, MA 02110-2804
      Telephone: (617) 542-5070
      Facsimile:  (617) 542-8906

      Howard G. Pollack
      Michael R. Headley
      Jonathan Q. Lamberson
      500 Arguello Street, Suite 500
      Redwood City, CA 94063
      Telephone: (650) 839-5070
      Facsimile:  (650) 839-5071

**ATTORNEYS FOR PLAINTIFF**
**POWER INTEGRATIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2008, I caused to be served **POWER**

**INTEGRATIONS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF A**

**PRELIMINARY INJUNCTION** on the following individuals, in the manner indicated:

**VIA HAND DELIVERY AND E-MAIL**
Steven J. Balick
John Day
Tiffany Lydon
500 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

Attorneys for Defendants
BCD SEMICONDUCTOR
CORPORATION and SHANGHAI
SIM-BCD SEMICONDUCTOR
MANUFACTURING, CO., LTD

**VIA E-MAIL AND FIRST CLASS MAIL**
E. Robert Yoches
Joyce Craig
Finnegan, Henderson, Farabow,
    Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413

Attorneys for Defendants
BCD SEMICONDUCTOR
CORPORATION and SHANGHAI
SIM-BCD SEMICONDUCTOR
MANUFACTURING, CO., LTD

**VIA E-MAIL AND FIRST CLASS MAIL**
Erik R. Puknys
Finnegan, Henderson, Farabow,
    Garrett & Dunner LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304-1203

Attorneys for Defendants
BCD SEMICONDUCTOR
CORPORATION and SHANGHAI
SIM-BCD SEMICONDUCTOR
MANUFACTURING, CO., LTD

**VIA E-MAIL AND FIRST CLASS MAIL**
Robert L. Burns
Finnegan, Henderson, Farabow,
    Garrett & Dunner LLP
Two Freedom Drive
Reston, VA 20190-5675

Attorneys for Defendants
BCD SEMICONDUCTOR
CORPORATION and SHANGHAI
SIM-BCD SEMICONDUCTOR
MANUFACTURING, CO., LTD

/s/ Kyle Wagner Compton
Kyle Wagner Compton