IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,

    Plaintiff,

v.

BCD SEMICONDUCTOR CORP, et al.,

    Defendants.

C.A. No. 07-633 JJF-LPS

**POWER INTEGRATIONS, INC.'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT
OF ITS MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247) (marsden@fr.com)
Kyle Wagner Compton (#4693) (kwc@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
Scott A. Penner
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

**ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.**

Dated: May 28, 2008

BCD's supplemental brief opposing Power Integrations' motion for entry of a preliminary injunction [D.I. 100] fails to cite a single authority that interim PTO actions in reexamination have any bearing on pending litigation, including during the preliminary injunction stage. Instead, BCD cites a number of cases for the correct but irrelevant proposition that claims which are ultimately invalidated during reexamination are, thereafter, invalid for all purposes. These cases have nothing to do with the question at hand—whether the Court can and should enter a preliminary injunction to prevent BCD from continuing to infringe, and further irreparably harming Power Integrations. It can, and it should.

The statutory presumption of validity under 35 U.S.C. § 282 is not diminished by ex parte reexamination proceedings unless and until a final non-appealable determination of invalidity has been reached, and BCD has no authority suggesting otherwise. There is simply nothing in the reexamination statute altering the statutory presumption. *See* 35 U.S.C. § 301 *et seq.* Nor is there any case law saying the presumption changes once reexamination proceedings commence. To the contrary, the Federal Circuit has indicated that the institution of reexamination proceedings has *no effect* on patentability. *Hoechst Celanese Corp v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) (noting that "89% of the reexamination requests were granted that year, but only 5.6% of the reexamined patents were completely rejected with no claims remaining after reexamination").[1] The Federal Circuit has also noted that infringers cannot rely on interim PTO rejections during reexam proceedings as a defense to willful infringement and treble damages when the claims are later confirmed, noting that such an interim PTO rejection "hardly justifies a good faith belief in the invalidity of the claims." *See Acoustical Design, Inc.*

---

[1] The PTO's current statistics show that, for 3rd party requested ex parte reexamination, more than twice as many patents emerge with no claims changed at all (29%) than those for which all claims are cancelled (12%). *See* Ex. 1 at 2.

*v. Control Elecs. Co.*, 932 F.2d 939, 942 (Fed. Cir. 1991). As such, the reexamination should be given no weight here, particularly in view of the contrary jury verdicts rendered after consideration of a far more complete record than the one available to the Patent Office.

BCD's own cited case law does nothing to support its suggestion that the interim office action compels denial of a preliminary injunction, as the cases do not address the presumption of validity applied by the Court, nor do they address preliminary injunctions at all. Instead, BCD's case law addresses the unrelated question of whether to stay district court action pending the *final* outcome in the Patent Office. Nothing in *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1340 (Fed. Cir. 1983) diminishes the presumption of validity or the likelihood that Power Integrations will succeed on the merits in this case, especially in view of Judge Farnan's claim construction and the jury's verdict of validity in the Fairchild case. *Bausch & Lomb* and *Broadcast Innovation* similarly say nothing about the presumption of validity or the likelihood of success.[2] Here, the Court has already construed the claims, and a jury has already considered and affirmed the validity of the patent at issue in view of the same prior art being considered by the PTO. BCD provides no reason or authority for diminishing the import of these actions or the presumption that Power Integrations' patent is valid.

For all the foregoing reasons, as well as those set forth in Power Integrations' moving and reply papers, Power Integrations requests that the Court enter a preliminary injunction to prevent BCD's further harm to Power Integrations.

---

[2] Power Integrations has not yet had a chance to respond to the Office Action in the pending reexamination, but because the action is facially inconsistent with Judge Farnan's claim construction and the jury verdict in the Fairchild case, there is no reason to expect the outcome of the PTO proceedings ultimately to differ from that reached in the Fairchild case. Although the PTO is required to give the claims the "broadest reasonable construction," *see, e.g., In re Hyatt,* 211 F.3d 1367, 1372 (Fed. Cir. 2000), the construction applied in the interim office action was, in fact, rejected by this Court as *unreasonable* in view of the patent specification, and Power Integrations believes the claims will ultimately be sustained by the Patent Office.

Dated: May 28, 2008 FISH & RICHARDSON P.C.

By: *William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607
Email: marsden@fr.com
Email: kwc@fr.com

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
Scott A. Penner
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

**ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.**

3

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2008, I electronically filed **POWER INTEGRATIONS, INC.'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF PRELIMINARY INJUNCTION** with the Clerk of Court using CM/ECF, which will send electronic notification of such filing(s) to the following counsel.  In addition, the filing will also be sent via the method indicated below:

**BY HAND AND EMAIL**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY EMAIL AND FIRST CLASS MAIL**
Erik R. Puknys
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304-1203

I also certify that on May 28, 2008, I sent the document to the following individuals via electronic and first class mail:

**BY EMAIL AND FIRST CLASS MAIL**
E. Robert Yoches, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413

**BY EMAIL AND FIRST CLASS MAIL**
Robert L. Burns
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

　　　　　　　　　　　　　　　　　　 */s/ William J. Marsden, Jr.*
　　　　　　　　　　　　　　　　　　　William J. Marsden, Jr.

50488017.doc



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

*Ex Parte* Reexamination Filing Data  - December 31, 2007

1. Total requests filed since start of ex parte reexam on 07/01/81 .................. 9060[1]

    a. By patent owner                                3495    39%
    b. By other member of public                      5400    59%
    c. By order of Commissioner                        165     2%

2. Number of filings by discipline

    a. Chemical Operation                             2703    30%
    b. Electrical Operation                           3023    33%
    c. Mechanical Operation                           3334    37%

3. Annual Ex Parte Reexam Filings

    | Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. |
    |---|---|---|---|---|---|---|---|
    | 1981 | 78 (3 mos.) | 1989 | 243 | 1997 | 376 | 2005 | 524 |
    | 1982 | 187 | 1990 | 297 | 1998 | 350 | 2006 | 511 |
    | 1983 | 186 | 1991 | 307 | 1999 | 385 | 2007 | 643 |
    | 1984 | 189 | 1992 | 392 | 2000 | 318 | 2008 | 165 |
    | 1985 | 230 | 1993 | 359 | 2001 | 296 | | |
    | 1986 | 232 | 1994 | 379 | 2002 | 272 | | |
    | 1987 | 240 | 1995 | 392 | 2003 | 392 | | |
    | 1988 | 268 | 1996 | 418 | 2004 | 441 | | |

4. Number known to be in litigation ................................ 2398    26%

5. Determinations on requests  ....................................... 8714

    a. No. granted ....................................... 7998 ......... 92%

        (1) By examiner                                7885
        (2) By Director (on petition)                   113

    b. No. denied ....................................... 716 .......... 8%

        (1) By examiner                                 681
        (2) Order vacated                                35

---

[1] Of the requests received in FY 2008, 23 requests have not yet been accorded a filing date, and preprocessing of 3 requests was terminated for failure to comply with the requirements of 37 CFR 1.510.  See Clarification of Filing Date Requirements for *Ex Parte* and *Inter Partes* Reexamination Proceedings, Final Rule, 71 Fed. Reg. 44219 (August 4, 2006).

6.  Total examiner denials (includes denials reversed by Director) .................... 794

    a.  Patent owner requester                          439         55%
    b.  Third party requester                           355         45%

7.  Overall reexamination pendency (Filing date to certificate issue date)

    a.  Average pendency                                         24.0 (mos.)
    b.  Median pendency                                          18.6 (mos.)

8.  Reexam certificate claim analysis:

    |  | Owner Requester | 3rd Party Requester | Comm'r Initiated | Overall |
    |---|---|---|---|---|
    | a. All claims confirmed | 23% | 29% | 12% | 26% |
    | b. All claims cancelled | 7% | 12% | 21% | 10% |
    | c. Claims changes | 70% | 59% | 67% | 64% |

9.  Total ex parte reexamination certificates issued (1981 - present) .................. 6066

    a.  Certificates with all claims confirmed           1556    26%
    b.  Certificates with all claims canceled             636    10%
    c.  Certificates with claims changes                 3874    64%

10. Reexam claim analysis - requester is patent owner or 3rd party; or Comm'r initiated.

    a.  Certificates - PATENT OWNER REQUESTER ......................... 2607

        (1) All claims confirmed                         592    23%
        (2) All claims canceled                          194     7%
        (3) Claim changes                               1821    70%

    b.  Certificates - 3rd PARTY REQUESTER .............................. 3313

        (1) All claims confirmed                         946    29%
        (2) All claims canceled                          413    12%
        (3) Claim changes                               1954    59%

    c.  Certificates - COMM'R INITIATED REEXAM ......................... 146

        (1) All claims confirmed                          18    12%
        (2) All claims canceled                           30    21%
        (3) Claim changes                                 98    67%

C:\Documents and Settings\LKryza\My Documents\zkryza\Reexam Reports\REXSTATz xp Dec2007.wpd