IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,

            Plaintiff,

     v.

BCD SEMICONDUCTOR CORP, et al.,

            Defendants.

C.A. No. 07-633 JJF-LPS

**REDACTED**

**POWER INTEGRATIONS, INC.'S SUPPLEMENTAL REPLY BRIEF IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607
Email:  marsden@fr.com
       kwc@fr.com

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Michael R. Headley
Scott A. Penner
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

**ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.**

Dated:  June 23, 2008

## TABLE OF CONTENTS

**PAGE**

A.  BCD Is Subject to Personal Jurisdiction Under a Dual
    Jurisdiction Theory ................................................................................3

B.  BCD Is Subject to Personal Jurisdiction Under 10 Del. C.
    § 3104(c)(4) ..........................................................................................4

C.  Exercise of Personal Jurisdiction Over BCD Comports with
    Due Process............................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Asahi Metal Industry Co., Ltd. v. Superior Court,*
    480 U.S. 102 (1987)..................................................................................................2

*LG Philips LCD Co., Ltd. v. Chi Mei Optoelectronics Corp.,*
    2008 WL 1897687 (D. Del. Apr. 29, 2008)..........................................................5, 6


**STATUTES**

10 Del. C. § 3104(c)(1).....................................................................................................4

10 Del. C. § 3104(c)(4).....................................................................................................5

In its Opening Supplemental Brief on personal jurisdiction [D.I. 102], Power Integrations provided evidence demonstrating BCD's intent and purpose to serve the United States market, including Delaware.  In its Answering Supplemental Brief [D.I. 107], BCD either admits or fails to dispute these proofs, namely:



BCD's argument, in sum, is that its admitted activity directed to the U.S. is nevertheless insufficient to establish intent or purpose to serve the U.S. market because either 1) its admitted concerted efforts to sell infringing chips into the U.S. market did not result in actual sales, or 2) it simply did not *know* that Samsung shipped millions of chargers incorporating infringing BCD chips into the U.S.  [D.I. 107 at 2.]  BCD's characterization of the undisputed evidence is insufficient to defeat jurisdiction here.

BCD emphasizes its alleged lack of actual knowledge that Samsung shipped millions of chargers containing BCD's infringing chips into the U.S., focusing on its alleged belief that

---

[1]   Notably, BCD's having "design[ed] the product for the market in the forum state" through compliance with U.S. regulatory requirements constitutes one of the "additional acts" articulated by Justice O'Connor as sufficient to satisfy due process requirements of personal jurisdiction.  *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 112 (1987).

# REDACTED



---

[2]   *See* Third Suppl. Declaration of Kyle Wagner Compton, filed concurrently herewith.

In any event, as the Court previously noted, when considering a motion to dismiss, "all factual inferences must be viewed in the light most favorable to the plaintiff." [D.I. 67 at 6.] BCD offers no counter-evidence to refute Power Integrations' evidentiary showing — only characterizations and hair-splitting – but the evidence is unambiguous. BCD designed solutions incorporating its infringing chips for Samsung and others, deliberately complying with U.S. regulatory requirements, knowing that those solutions were intended for sale and would be sold in the U.S. Power Integrations has demonstrated BCD's "intent and purpose to serve the Delaware market, as part of the United States market," and BCD's motion should be denied.

### A.    BCD Is Subject to Personal Jurisdiction Under a Dual Jurisdiction Theory

Leaving open the question of whether exercise of personal jurisdiction over BCD might be proper under either §§ 3104(c)(1) or (c)(4) of the Delaware long-arm statute individually, the Court focused in its Memorandum Order on the theory of dual jurisdiction under both sections. To satisfy the requirements of the Delaware long-arm statute under that theory, the Court held:

> [T]here must be an intent or purpose on the part of [BCD] to serve the Delaware market with its product. . . . [I]t is enough if, based on ongoing relationships with others in the stream of commerce, it was reasonably foreseeable that BCD's accused products would make their way into the Delaware market.

[D.I. 67 at 15 (internal quotations omitted).] The Court held that satisfaction of the same requirement would comport with constitutional Due Process: "Both the O'Connor test and the concept of 'dual jurisdiction' look to the non-resident defendant's 'intent or purpose' to serve the Delaware market." [*Id.* at 17.] Accordingly, the Court set forth the sole dispositive issue:

> The *outstanding, dispositive issue* is quite narrow:  is there evidence of BCD's intent and purpose to serve the Delaware market, as part of the United States market, with the accused chips?

[D.I. 67 at 20] (emphasis added).]

Power Integrations has produced evidence sufficient to show BCD's intent and purpose

3

to serve the Delaware market, as part of the U.S. market, through multiple efforts designed to exploit the well-established sales channels for consumer electronics in the U.S. Although BCD argues that it lacked actual knowledge of Samsung's shipment of chargers into the U.S., actual knowledge is not required. It is enough that it was reasonably foreseeable that BCD's accused products would make their way into the Delaware market, and because the evidence shows that BCD designed solutions incorporating its infringing chips for the U.S. market and in compliance with U.S. regulatory standards, it was foreseeable that BCD's infringing products would reach Delaware. But even if actual knowledge were required, Power Integrations has presented evidence of BCD's actual knowledge that Samsung would ship chargers to the U.S., and Samsung did just that — to the tune of tens of millions of units.

**B.    BCD Is Subject to Personal Jurisdiction Under 10 Del. C. § 3104(c)(4)**

In its Memorandum Order, the Court left open the question of whether BCD is subject to general jurisdiction under § 3104(c)(4) of the Delaware long arm statute. [D.I. 67 at 14.] Following discovery, Power Integrations exposed the existence of a clearly defined, integrated distribution channel that consistently and reliably results in the sale of Samsung cell phone chargers containing BCD's infringing chips in the United States and in Delaware. BCD itself describes the participants and the chain of distribution in exacting detail. [D.I. 107 at 3.][3]

This Court recently found exercise of personal jurisdiction proper under § 3104(c)(4) where an alleged infringer employed such a distribution channel. *LG Philips LCD Co., Ltd. v. Chi Mei Optoelectronics Corp.*, 2008 WL 1897687 (D. Del. Apr. 29, 2008). The Court found jurisdiction where the plaintiff "provided competent evidence of a world-wide distribution

---

[3]    In describing this distribution channel, D.I. 107 at 3-4, BCD implies that it merely sells to the first link in the chain without further involvement. This is misleading. Power Integrations has shown that BCD works directly with the charger manufacturers, including Samsung Wireless, to design and sell charger solutions incorporating the accused chips.

network that causes the allegedly infringing [products] to be sold and distributed in well-known retail chains throughout Delaware, as well as evidence that the allegedly infringing [products] are actually present in Delaware," noting that "[defendant] clearly acts in consort with Dell Corporation and OEMs to consistently place products containing its allegedly infringing [products] into a national distribution network, and, as a result of these efforts, these products were sold in Delaware." *Id.* BCD's attempts to distinguish *LG Philips* are not persuasive in view of the additional evidence Power Integrations has presented of BCD's intent and purpose to serve the United States market, and BCD's conceded involvement in precisely the same type of world-wide distribution network that caused the court to find jurisdiction in *LG Philips, i.e.,* acting in consort with Samsung and OEMs to consistently ship products containing its infringing chips to Delaware. Thus, the exercise of personal jurisdiction over BCD is proper.

C.   **Exercise of Personal Jurisdiction Over BCD Comports with Due Process**

Because Power Integrations has presented evidence that demonstrates BCD's intent and purpose to serve the Delaware market in satisfaction of the dual jurisdiction theory, Power Integrations has also shown that jurisdiction comports with due process. [*See* D.I. 67 at 17.] This conclusion is also supported by the Court's reasoning in *LG Philips*. Referring to the accused infringer's participation in a world-wide distribution network, the Court concluded that "given this evidence, [defendant] cannot credibly claim that 'it had no inkling that some of its [accused products] would make their way into Delaware via well-established distribution channels.'" 2008 WL 1897687 at *6. The Court thus concluded that the defendant could reasonably have foreseen being haled into court in Delaware, and that sufficient "minimum contacts" existed to exercise jurisdiction consistent with due process. *Id.* For the same reasons, exercise of personal jurisdiction over BCD comports with due process here.

Dated:  June 23, 2008                    FISH & RICHARDSON P.C.

By:  _____
     William J. Marsden, Jr. (#2247)
     Kyle Wagner Compton (#4693)
     919 N. Market Street, Suite 1100
     P.O. Box 1114
     Wilmington, DE  19801
     Telephone: (302) 652-5070
     Facsimile:  (302) 652-0607
     Email:  marsden@fr.com
     Email:  kwc@fr.com

     Frank E. Scherkenbach
     FISH & RICHARDSON P.C.
     225 Franklin Street
     Boston, MA 02110-2804
     Telephone: (617) 542-5070
     Facsimile:  (617) 542-8906

     Howard G. Pollack
     Michael R. Headley
     Scott A. Penner
     FISH & RICHARDSON P.C.
     500 Arguello Street, Suite 500
     Redwood City, CA 94063
     Telephone: (650) 839-5070
     Facsimile:  (650) 839-5071

ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2008, I electronically filed with the Clerk of Court

POWER INTEGRATIONS, INC.'S SUPPLEMENTAL REPLY BRIEF IN OPPOSITION TO

DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION using

CM/ECF which will send electronic notification of such filing(s) to the following Delaware

counsel.

| | |
|---|---|
| **BY ELECTRONIC MAIL AND FEDERAL EXPRESS** | **BY HAND DELIVERY AND FEDERAL EXPRESS** |
| Erik R. Puknys, Esq. | John G. Day, Esq. |
| Finnegan, Henderson, Farabow, | Steven J. Balick, Esq. |
| Garrett & Dunner LLP | Tiffany Geyer Lydon, Esq. |
| Stanford Research Park | Ashby & Geddes |
| 3300 Hillview Avenue | 500 Delaware Avenue, 8th Floor |
| Palo Alto, CA 94304-1203 | P.O. Box 1150 |
| | Wilmington, DE 19899 |

I hereby certify that on June 23, 2008, I have mailed by electronic mail and United States

Postal Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| E. Robert Yoches, Esq. | Robert L. Burns, Esq. |
| Finnegan, Henderson, Farabow, | Finnegan, Henderson, Farabow, |
| Garrett & Dunner LLP | Garrett & Dunner LLP |
| 901 New York Avenue, NW | Two Freedom Square |
| Washington, DC 20001-4413 | 11955 Freedom Drive |
| | Reston, VA 20190-5675 |

_____
Kyle Wagner Compton

80062454.doc