## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-633-JJF-LPS |
| | ) | |
| BCD SEMICONDUCTOR | ) | |
| CORPORATION and SHANGHAI | ) | |
| SIM-BCD SEMICONDUCTOR | ) | |
| MANUFACTURING CO., LTD. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## CONSENT JUDGMENT BETWEEN PLAINTIFF POWER INTEGRATIONS, INC. AND DEFENDANTS BCD SEMICONDUCTOR and SIM-BCD SEMICONDUCTOR MANUFACTURING CO., LTD.

The parties having considered the facts and applicable law and having agreed to the entry of this Consent Judgment, it is therefore found, adjudged, and decreed as follows:

1.     Plaintiff Power Integrations, Inc. ("Power Integrations") is incorporated under the laws of the State of Delaware, and has a regular and established place of business at 5245 Hellyer Avenue, San Jose, California.

2.     Defendant Shanghai SIM-BCD Semiconductor Manufacturing Co., Ltd. is incorporated under the laws of the People's Republic of China, with its headquarters located at 800 Yishan Road, Shanghai 200233, China.

3.      Defendant BCD Semiconductor Corporation is incorporated under the laws of the State of California, and has a regular and established place of business at 30920 Huntswood Avenue, Suite D, Hayward, California, 94544.

4.      Defendant BCD Semiconductor Corporation and defendant Shanghai SIM-BCD Semiconductor Manufacturing Co., Ltd. will hereinafter be collectively referred to as "BCD."

5.      Power Integrations is the owner of all right, title and interest in U.S. Patents Nos. 6,249,876 ("the '876 patent") and 6,107,851 ("the '851 patent") (collectively, "the patents-in-suit").

6.      On October 15, 2007, Power Integrations sued BCD for infringement of the '876 and '851 patents in this District following the dismissal of a substantially similar complaint previously filed in the United States District Court for the Northern District of California.

7.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

8.      This Court has personal jurisdiction over the parties, and venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

9.      BCD makes no payment to Power Integrations, does not admit that any of its products infringe any claims of the patents-in-suit, or that any claims of those patents are valid.

10.     BCD is, however, no longer selling the accused products for eventual incorporation into products available in the United States, and has chosen to accept the terms of this Judgment for business reasons.

11.     Power Integrations and BCD therefore seek to terminate this litigation, insofar as it pertains to their claims against one another, through this Consent Judgment pursuant to the parties' settlement agreement of February 5, 2009.

THEREFORE, and in accordance with the parties' agreement, it is ORDERED that:

1. As of February 4, 2009, BCD and its principals will:

    1) not sell in the United States Restricted Products ("Restricted Products" means the AP3700, AP3700A, AP3700E, AP3700Z, and AP3710, any related variants of these products such as hybrids or any other products that employ the dithering circuits of the AP3700 and AP3710 products, e.g. AP3901, AP3902, AP3701, AP3711, and any product using a variation of the dithering circuits used in the identified products which is not more than colorably different (whether they are sold as BCD-labeled products or not));

    2) not knowingly sell Restricted Products to anyone else for importation into, sale, or use in the United States, alone or incorporated into downstream products;

    3) not manufacture Restricted Products for anyone else knowing they will thereafter be imported into, used, or sold in the United States, alone or incorporated into downstream products; and

    4) not license or otherwise engage or facilitate anyone else to manufacture Restricted Products knowing they will be thereafter be imported into, used, or sold in the United States, alone or incorporated into downstream products.

2. This Consent Judgment shall finally conclude and dispose of all claims raised in this litigation as to all parties and shall be binding on the parties hereto and their successors and assigns.

3. This Court retains exclusive jurisdiction over this action for the purpose of insuring compliance with this Consent Judgment and enforcement of the Settlement Agreement Term Sheet entered into by the parties on February 5, 2009 and the Final Settlement Agreement entered by the parties on February 11, 2009, including but not limited to contempt proceedings.

4. No appeal shall be taken by any party from this Consent Judgment, the right to appeal being expressly waived by all parties.

5. Each party shall bear its own costs and attorney's fees.

6. This final Consent Judgment shall be entered hereto, forthwith, without further notice.

HEREBY STIPULATED AND AGREED TO:

**Power Integrations, Inc.**

By its attorneys,

Dated: February 11, 2009          /s/ William J. Marsden, Jr.

William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
Tel: (302) 652-5070
Fax: (302) 652-0607
Email: marsden@fr.com
Email: kcompton@fr.com

**BCD Semiconductor Corporation and
Shanghai Sim-BCD Semiconductor
Manufacturing Co., Ltd.**

By its attorneys,

Dated: February 11, 2009

*/s/ Steven J. Balick*

Steven J. Balick (#2114)
John G. Day (#2403)
Tiffany Geyer Lydon (#3950)
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 551
Wilmington, DE 19899
Tel: (302) 654-1888
sbalick@asby-geddes.com
tlydon@ashby-geddes.com

The Clerk is directed to enter this final Consent Judgment forthwith.

**IT IS SO ORDERED.**

Dated: 2 / 12 / 09

The Honorable Joseph J. Farnan, Jr.
United States District Judge

-5-